## W. A. BLACKBURN v. DELTA COUNTY ET AL.

### Decided January 8, 1908.

**1.—Commissioners' Court—Release of Debt—Constitutional Prohibition—Case Followed—Case Distinguished**

Under the provisions of article 3, section 55 of the Constitution, a Commissioners' Court has no authority to release any part of a debt due to the county. Hence, an agreement between such court and the purchaser of the county's school land whereby the rate of interest on the purchase money of said land was reduced from seven to three percent, was void. Delta County v. Blackburn, 100 Texas, 51, followed, Waggoner v. Wise County, 17 Texas Civ. App. 226, distinguished.

**2.—Corporations—Ultra Vires.**

Unlike natural persons, corporations, whether private or municipal, possess only such powers as are conferred upon them by law, and when they make contracts in excess of their powers persons dealing with them are charged with a knowledge of that fact, and a partial compliance by the corporation with the contract cannot make it valid by estoppel, or make that valid which was void at its inception.

**3.—Equitable Estoppel—Necessary Element.**

In order to render available a plea of equitable estoppel the party relying on the same must allege and prove that injustice will result to him unless such estoppel is allowed. Plea of estoppel against a county because of the making of, and partial compliance by the county with, a contract allowing a reduction of the interest on a debt due the county, considered, and held insufficient for the want of such pleading and proof.

**4.—Mistake of Law—Equitable Relief.**

While, in some cases equity will grant relief against mutual mistakes of law, a misapprehension of the law as to the right of a Commissioners' Court to release a part of the debt due the county, is not, under the facts of this case, one of them.

**5.—County—Deficient in Area—Objection.**

When a county has been created by an Act of the Legislature and has been organized and recognized by the State for many years as one of its legal subdivisions, no one but the State can question its legal existence as a county and the validity of its acts as such, on the ground that it has not the constitutional area of 900 square miles. And, because the present Constitution, adopted since the county was created, recognizes all counties then existing as legal subdivisions of the State, the State itself may be cut off from questioning the validity of the Act creating the county.

**6.—Judgment—Insignificant Error.**

An error of $3.27 in a judgment for nearly $10,000, falls within the rule de minimis non curat lex.


Appeal from the District Court of Travis County.    Tried below before Hon. V. L. Brooks.


*James H. Robertson,* for appellant.—That the Commissioners Court had power to make the order reducing the rate of interest, see: Article 7, section 6, Constitution; article 4271, Sayles' Rev. Statutes; Boydston v. Rockwall County, 86 Texas, 238; Waggoner v. Wise County, 17 Texas Civ. App., 226.

That the order entered upon the minutes of the Commissioners Court was a contract in writing, see: Railway v. Gentry, 69 Texas, 630; Palo Pinto County v. Gano, 60 Texas, 250; Pullium v. Runnels County, 79 Texas, 371; Gano v. Palo Pinto County, 71 Texas, 102; Vincens v. Gas Co., 16 L. R. A., 485; People v. Supervisors, 27 Cal., 655; Argus Co. v. Mayor and Alderman, etc., 55 N. Y., 495; Capdeville v. New Orleans, 110 La., 930; Sexton v. Cook County, 114 Ill., 174.

That the contract being in writing it was sufficient to allege valuable consideration in general terms, see: Sayles' Statutes, arts. 4862, 4863; Aiken v. Posey, 13 Texas Civ. App., 607; Newton v. Newton, 77 Texas, 508; Abbott v. Stanley, 77 Texas, 309; Ft. Worth, etc., Ry. Co. v. Wilson, 3 Texas Civ. App., 586; Phoenix Ins. Co. v. Hague, 34 S. W. Rep., 655; Hogue v. Williamson, 85 Texas, 554; McCammant v. Roberts, 25 S. W., 734.

That the relinquishment by appellant of his right to pay off the note and his agreement to continue the indebtedness until May 11, 1907, and pay interest thereon at three percent per annum for that definite period, was sufficient consideration for the contract reducing the interest, see:   Benson v. Phillips, 87 Texas, 578; Kirby v. Hopkins, 14 Texas Civ. App., 182; Krueger v. Klinger, 10 Texas Civ. App., 579.

The court erred in sustaining the plaintiff's demurrers and special exceptions to defendant's answer.    Section 10, article 1, Const. of the United States.    (See Fed. Statutes, vol. 8, 865); Louisiana v. Pillsberry, 105 U. S. (Bk. 26 Law. ed., 1096); Union Bank v. Oxford, 90 Fed. Rep., 10; Gelpcke v. Dubuque, 1 Wallace, 206; Muhlker v. N. Y. R. R. Co., 197 U. S. (Bk. 49 Law. ed., 878); Alcott v. Supervisors, 16 Wallace, 678 (Bk. 21 Law. ed., 382); Los Angeles v. Los Angeles City Water Co. (Bk. 44 Law. ed., 886); 8 Cyc., page 933.

In support of the fourth assignment, cited:   1 Dillon on Munic. Corp., sec. 460; Pullium v. Runnels County, 79 Texas, 370; San Augustine County v. Madden, 13 Texas Ct. Rep., 219; Cameron v. State, 95 Texas, 545; City of Victoria v. Victoria County, 94 S. W., 368; 5 Thompson on Corp., sec. 6005.

In support of the fifth assignment of error, cited:   Cobbs v. Coleman, 14 Texas, 595; Simkins' Equity, 297; Harlan v. Central Phosphate Co. (Tenn.), 62 S. W., 619.

In support of the sixth assignment of error, cited: Article 762, Batts' Statutes; General Laws of 1870, p. 42 (6 Gammel's Laws, bottom p. 216); General Laws of 1871, p. 30 (7 Gammel's Laws, bottom p. 32); section 24 of article 12, Constitution of 1869; State v. Jordon, 12 Texas, 208; Bryan v. Crump, 55 Texas, 10; McGill v. State, 25 Texas App., 512; Chivarria v. State, 15 Texas App., 336; Titus v. Latimer, 5 Texas, 433; Mellinger v. City of Houston, 68 Texas, 444; Lytle v. Halff Bros., 75 Texas, 128; Williams v. Taylor, 83 Texas, 671; Quinlin v. H. & T. C. Ry. Co., 89 Texas, 356.

*J. L. Young,* for appellee.

KEY, ASSOCIATE JUSTICE.—The nature and result of this suit is stated as follows in appellant's brief: "This suit was brought by Delta County against W. A. Blackburn, J. E. Tucker and D. C. Laird to recover from them $8000 and interest thereon alleged to be due as interest upon a note for $25,000, executed by appellant Blackburn to Delta County on May 11, 1887, and due twenty years after date, for the purchase money of four leagues of land situated in Castro County, Texas, donated by the State of Texas to Delta County for public school and educational purposes, which said land was conveyed to appellant by Delta County on the 11th day of May, 1887, and a vendor's lien retained in the deed of conveyance and expressed in the note sued on, to secure the payment of the note.

"It was alleged that on October 1, 1900, appellant Blackburn conveyed said land to the defendant, J. E. Tucker, and that thereafter defendant Tucker conveyed a one-fourth interest therein to the defendant Laird and, as a part of the consideration, Tucker and Laird assumed the payment of the said note for $25,000 in proportion to their ownership in said land.

"It was alleged by plaintiff that the said note for $25,000 bore interest at the rate of seven percent per annum, making $1750 per year interest, which was payable annually in advance, and while the note did not become due and payable until twenty years after its date, yet by its terms and by the terms of the deed appellant had the right to pay off the whole or any part thereof after the expiration of twelve years from its date. That he paid the $1750 interest as it fell due annually until the expiration of twelve years; that after the expiration of twelve years (May 11, 1899), he and the other defendants had only paid $750 per annum as interest upon said note, and that on May 11, 1906, there was due as interest upon said note the sum of $8000 and interest thereon at the rate of six percent per annum from the time the several installments making up said sum became due and payable, and the appellee, Delta County, prayed for judgment against appellant, as maker, and against Tucker and Laird upon their written assumption of payment of said note, for the said $8000 and interest thereon, and for the foreclosure of the vendor's lien upon the four leagues of land for the purchase money of which said note was executed.

"Appellant Blackburn answered by a general demurrer and general denial, and pleaded special defenses to the plaintiff's cause of action

in bar of recovery. The court sustained plaintiff's special demurrers to and struck out all special defenses pleaded by appellant, which rulings are assigned as error, and the facts relating thereto respectively will be presented under the proper assignments of error.

"The case was tried before the court without a jury on December 8, 1906, and judgment rendered in favor of the plaintiff against appellant as maker of the note sued on for $9,999.62, and against him and the defendants Tucker and Laird for foreclosure of the vendor's lien upon said four leagues of land." The defendant Blackburn has appealed.

The first assignment of error reads as follows: "The court erred in sustaining plaintiff's demurrers and special exceptions to the third paragraph of this defendant's answer, and in striking out said paragraph of said answer, and in holding that the facts therein alleged did not constitute a defense to plaintiff's cause of action, because the facts alleged in said paragraph of said answer constituted a valid, legal and binding contract made and entered into by and between the plaintiff and this defendant for the extension of the maturity of the note sued on from May 11, 1899, to May 11, 1907, and for the reduction of interest on said note from May 11, 1899, to three percentum per annum, and it being further alleged therein that all interest accruing upon said note after May 11, 1899, at the rate of three percentum per annum had been paid before the institution of this suit, and that no part of the money sued for was due and owing to the plaintiff; this answer presented a defense to plaintiff's suit, and the same should not have been stricken out by the court." That assignment is answered and disposed of by the decision of the Supreme Court in this case on the former appeal, it being there held that the Commissioners Court of Delta County had no power to make such a contract as is set up in the third paragraph of appellant's answer. (Delta County v. Blackburn, 100 Texas, 51.)

In an elaborate plea the appellant averred that in the case of Waggoner v. Wise County, 17 Texas Civ. App., 226, it was decided by the Court of Civil Appeals for the second district that the Commissioners Court of a county had the power to make such a contract as is relied on by the defendant in this case, and that the Supreme Court of the State approved that decision and refused to grant a writ of error; that the decision referred to was made before the contract here relied on was entered into between appellant Blackburn and the Commissioners Court of Delta County; that in making such contract they relied upon that decision as correctly announcing the law, and therefore that decision and its construction of the Constitution became a part of the contract between them and Delta County, and that to apply a different construction in this case would be such change in the law as would impair the obligation of the contract pleaded and contravene section 16, article 1, of the Constitution of this State. The second and third assignments complain because exceptions were sustained to that plea. Like the other question, appellant's contention in this regard is disposed of by the opinion of the Supreme Court on the former appeal, where it was held, in

effect, that Waggoner v. Wise County does not support the proposition asserted by appellant.

The fourth assignment is addressed to the action of the court in sustaining exceptions to the third subdivision of paragraph four of the defendant's answer pleading an estoppel against the plaintiff. That assignment summarizes the facts pleaded as an estoppel, and reads as follows:

"The court erred in sustaining plaintiff's demurrers and exceptions to the third subdivision of paragraph four of this defendant's answer, and in holding that the facts therein pleaded did not constitute a defense to plaintiff's cause of action, and in striking out said part of said answer, because it appeared therefrom that this defendant was able and intended to pay off said note and stop the interest, without borrowing money, if he could not get a cancellation of the contract or a reduction of the rate of interest, and that he could, if it had been necessary, have borrowed the $25,000 and paid off said note at a much lower rate of interest, at, to wit, three percent per annum, and thereby saved a large sum of interest annually; and that by reason of the contract reducing the interest he was induced to forego his right to pay off the note and stop the high rate of seven percent interest, and that he had in good faith carried out his part of the contract and paid all interest falling due under the same; and the plaintiff having accepted the payment in full of all interest and thus induced the defendant to believe that it was satisfied with the contract, was now estopped to assert the invalidity of the contract and the same was binding on the plaintiff."

There is not much difference between the facts set up in the plea of estoppel and those passed upon by the Supreme Court, though there was no formal plea of estoppel in the case at that time. But, conceding the plea presents a different case, we are of the opinion that the trial court ruled correctly when he held that it presented no defense. It is difficult to see how Delta County could be estopped in this matter. It was held by the Supreme Court on the former appeal that the county was prohibited by a provision of our State Constitution from releasing appellant from any portion of his obligation to pay for the Delta County school land according to the terms of the original contract. Now, appellant contends that, although such contract was unlawful and void, still, as the promise of the Commissioners Court of Delta County contained in said contract caused him to pursue a course which otherwise he would not have pursued, therefore Delta County should be estopped from asserting the invalidity of the contract. It is not claimed that appellant was deceived or misled by anything said, done or omitted by the county or anyone representing it, other than by the illegal promise to reduce the rate of interest, and thereafter accepting such reduced rate of interest and abiding by the terms of the unlawful contract. Unlike natural persons, corporations, whether private or municipal, possess only such powers as are conferred upon them by law; and it would seem a strange doctrine to hold that when they make contracts in excess of their powers, compliance by them

with such contracts will, by estoppel and relation back, supply the power that was wanting in the first instance, even though such lack of power results from a mandatory provision of the Constitution declaring that such power shall not exist. It is not believed that the doctrine of estoppel should be carried to such an extent.

Furthermore, the plea of estoppel is insufficient because it fails to show that compliance with the original contract to pay seven percent interest would be unjust and inequitable to appellant. It is well settled that in order to render available a plea of equitable estoppel the person invoking such estoppel must allege and prove that unless such estoppel is allowed injustice will result to him.

It is admitted in the assignment under consideration that it appears from the plea of estoppel that at the time referred to and without borrowing, appellant had the money, amounting to $25,000, with which to pay off his indebtedness to Delta County. Now, the plea alleges that on account of the new contract reducing the interest from seven to three percent, appellant was prevented from paying the entire debt and stopping all the interest. It is further alleged that if that course had been pursued the county could have invested the $25,000 so paid it in certain securities only, from which investments it would not have realized more than three percent per annum. This presents but one side of the matter and only half the facts necessary to determine whether or not any equities exist in behalf of appellant. As the debt was not then paid appellant retained his $25,000, and if it yielded him as much as seven percent interest per annum for eight years, then no injury will result to him by requiring him to pay that rate of interest for that time, and no equity exists in his favor. The plea of estoppel having indicated that, as a result of the facts pleaded as an estoppel, appellant retained and had the use of $25,000 for a period of eight years, which otherwise he would not have had, he should have rendered an accounting as to that $25,000, and not having done so, it is not made to appear that full compliance with the original contract will result in any injustice to him. As before said, if it yielded him as much as seven percent per annum, then no injury will result to him; and it may be that, by judicious investments, it yielded him that much or more.

By the fifth assignment complaint is made because the court sustained exceptions to that part of the defendant's answer in which he pleaded that the contract reducing the rate of interest was the result of a mutual mistake, and requested the court to hear evidence and adjust the equities between the parties. The mistake pleaded was one of law, and while, in some cases, relief may be afforded against such mistakes, we are not disposed to regard this as such a case. However that may be, the plea in question is insufficient, because, like the plea of estoppel, it omits to state how much revenue or income appellant derived from the $25,000 which he retained and did not pay to the county until eight years after the contract reducing the interest was made; and therefore it fails to show that injury will result to him by disregarding the contract referred to and compelling him to pay seven percent interest, as stipulated

in the original contract. In other words, the plea fails to show any equities to be adjusted.

By the sixth assignment of error it is contended that Delta County has no legal existence and is not entitled to maintain this suit because of the fact that it does not contain an area of 900 square miles, as required by the Constitution in existence at the time that county was created. This question was not raised in the court below; but if it had been we are of opinion that it presents no defense in this case. Delta County was created by the Legislature in 1870, and it has long been organized and recognized by the State as one of its legal subdivisions. Hence, we hold that no one except the State can now raise that question; and, in view of sec. 1, art. 11, of the present Constitution, which recognizes all then existing counties as legal subdivisions of the State, it would seem that the State itself is now cut off from questioning the legality of the Act of the Legislature creating Delta County.

Under the remaining assignments it is contended that the judgment is excessive, and that it should at least be reformed and the costs of the appeal taxed against appellee. This question was not raised in the court below, and according to appellant's theory and the statement set out in his brief, the excess is only $3.27, which, in view of the amount in controversy and the amount conceded to be correct, we regarded as within the rule *de minimis non curat lex.* Besides, we are not prepared to hold that the judgment is excessive. According to authorities cited by appellee upon the subject of application of partial payments it does not seem to be excessive.

No reversible error has been shown and the judgment is affirmed.

*Affirmed.*

Writ of error refused.