**HARLINGEN HOME HEALTH AGENCY, INC., et al., Appellants,**

v.

**Dr. Rodney R. DIEMER, Appellee.**

**No. 658.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 5, 1972.

D. Graham Moore, Keeney, Atkins, Simon & Moore, Houston, for appellants.

David T. Harvin, Vinson, Elkins, Searls & Smith, Houston, for appellee.

SAM D. JOHNSON, Justice.

Summary judgment case. Dr. Rodney R. Diemer, appellee here, brought suit against Harlingen Home Health Agency, Harris County Home Health Agency, Frederick P. Holloway and Harris H. Johnston, Jr., to recover $15,000.00 due on four promissory notes. To appellee's petition were attached copies of the notes sued upon. These notes, originally held by Texas National Bank of Commerce of Houston, had been assigned to appellee. Appellee alleged current ownership of the notes and appellants' execution, delivery and dis-

honor, to all of which appellants' only reply was a general denial.

On November 18, 1971, appellee filed his motion for summary judgment with proper supporting affidavit. The hearing thereon was scheduled for November 29, 1971. Appellants failed to answer at the scheduled hearing, however. In his brief appellee asserts that "After being shown a receipt for service indicating that Defendants had been notified on November 18, 1971, of the date and place of the hearing on the motion (Tr. 11), the trial court proceeded to consider the motion." The reference is to page 11 of the transcript, a copy of the trial court's docket sheet, which indicates a notation by the court "Receipt for service on 11/18/71". It was under such circumstances that the court heard and granted appellee's motion for summary judgment on November 29, 1971.

Subsequent to the granting of appellee's motion for summary judgment a hearing was set for December 6, 1971, then reset for the next day, December 7, 1971. Just what kind of hearing this was is the subject of dispute. Appellee asserts that it was a hearing on the entry of judgment. Appellants take the position that it was a hearing on the motion for summary judgment itself. In any event, at such hearing appellants offered to the court a response to the motion for summary judgment along with an affidavit of appellant Johnston. These documents notwithstanding, the trial court on such date signed the written judgment awarding appellee $15,000 recovery on the notes and $1,500 attorney's fees. Appellants now complain to this Court that their sworn answer to the motion for summary judgment and Johnston's affidavit raise issues of material fact and that the trial court's "granting plaintiff's motion for summary judgment *after the filing*" of the above instruments was error (emphasis added).

Rule 74, Tex.R.Civ.P. provides that pleadings are to be filed with the clerk of the court, except that the judge may permit the papers to be filed with him, whereupon he is to note the filing date and time on the documents and deliver them to the clerk. Appellants assert that their sworn answer to the motion for summary judgment and the supporting affidavit "were properly on file on the date of the (December 7) hearing" (parenthesis added). The record, however, does not corroborate that assertion. Neither instrument bears any indication that it was filed with the judge, and neither bears a filing date or recitation that it was filed with the court clerk.

It is true that filing is effected by the conveyance of an instrument to the clerk of the court and his acceptance of it for record. Maddux v. Booth, 108 S.W.2d 329 (Tex.Civ.App.—Amarillo 1937, no writ). The file mark is a memorandum of the filing and is evidence of filing. Consolidated Furniture Company v. Kelly, 366 S.W.2d 922 (Tex.Sup.1963). Its omission does not destroy the efficiency of a document officially received for filing. McDonald, Texas Civil Practice, sec. 5.20 (1970). However, in the instant case we do not believe it can be concluded that appellants' instruments were received for filing.

First, no file mark appears and the record does not support the contention that appellants' answer and affidavit were filed. They do not appear to have been filed even to this date.

Second, if appellants' contention is accepted that December 7, 1971, was the date set for a supplemental hearing on the motion for summary judgment, it would not appear that the tendered instruments would have been timely filed. Rule 63, Tex.R. Civ.P. No leave of the trial court is shown to have been asked for or obtained. Every implication is quite to the contrary.

Third, the trial court's docket sheet contains the only notation of the December 7, 1971 hearing and it recites "Judgment entered per decree." Such wording leads to

the conclusion that judgment was entered that same day in accordance with the earlier granting of the motion for summary judgment. In other words, such notation by the judge of the trial court supports appellee's contention that the hearing was on the entry of judgment. Even if otherwise, there is no hint in the wording that filing of any instrument was attempted, permitted or made.

Lastly, the court's signed judgment notes that the court considered, "Plaintiff's Original Petition, the Motion for Summary Judgment, the sworn affidavit of Dr. Rodney R. Diemer in support of same . . .". No reference to appellants' answer and affidavit is to be found.

The burden devolves upon an attorney to insure that what he wishes filed is in fact filed. This Court can consider only what is properly a matter of record, and the unfiled pleading and affidavit are not proper elements of the record before us. In such posture the only documents before the trial court (and before this Court now) were plaintiff's petition, defendants' general denial, and plaintiff's motion for summary judgment and supporting affidavit. A general denial, of course, is insufficient to create a fact issue and defeat a motion for summary judgment. Kellum v. Pacific National Fire Ins. Company, 360 S.W.2d 538 (Tex.Civ. App.—Dallas 1962, writ ref'd n. r. e.). The trial court was obligated to consider only the record as it appeared at the time of the hearing on the motion for summary judgment. Tex.R.Civ.P. 166–A(c); Botello v. Misener-Collins Company, 462 S.W.2d 100 (Tex.Civ.App.—San Antonio 1970), aff'd 469 S.W.2d 793 (Tex.Sup.1971). The record before this Court on appeal is the same as it was on November 29, 1971, the date the trial court originally heard and granted plaintiff's motion for summary judgment. Inasmuch as appellee has shown that no material fact issue existed and that he was entitled to judgment as a

matter of law, the trial court's granting appellee's motion for summary judgment was without error and the summary judgment for appellee is affirmed.