**RICHMAN TRUSTS, Appellant,**

v.

**Jonathan D. KUTNER, Appellee.**

No. 18243.

Court of Civil Appeals of Texas, Dallas.

Dec. 27, 1973.

Rehearing Denied Jan. 17, 1974.

Marc H. Richman, Law Firm of Fred Time, Dallas, for appellant.

Michael Lowenberg, Akin, Gump, Strauss, Hauer & Feld, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Seeking both actual and exemplary damages Richman Trusts brought this action against Jonathan D. Kutner for alleged fraud pursuant to Tex.Bus. & Comm.Code Ann. § 27.01 (Vernon 1968). This appeal is from a take nothing summary judgment.

*Appellee's Motion to Strike Statement of Facts and Exhibit.*

The summary judgment which is the basis of the appeal was rendered by the trial court on June 8, 1973. This judgment recites that it was rendered after the court considered "the pleadings, depositions and affidavits on file and the briefs submitted by the attorneys for the parties." After the appeal from such judgment was perfected to this court appellants tendered for filing an instrument designated "Statement of Facts" which consists of the transcribed testimony of two witnesses in an abortive trial of the case on October 9 and 10 of 1972. The "Statement of Facts" shows to have been approved by the trial judge on July 15, 1973 but bears no file mark in the trial court. The instrument does not appear to have been incorporated by reference in either the motion for summary judgment or the reply thereto. There is no showing that the instrument was considered by the trial court at the time the motion for summary judgment was sustained.

Appellants have also filed in this court what is designated as "Exhibit No. 4" and which appears to be an instrument certifying the correctness of certain documents by the State Board of Insurance. The date of the certificate is July 27, 1973. This certificated instrument does not appear to be adopted by or made a part of either the summary judgment motion or the reply thereto. There is nothing to indicate that it was before the court or considered by the court when the judgment was rendered on June 8, 1973.

Appellee moves to strike both the statement of facts and the exhibit as not being properly a part of the record before this court. We sustain this motion.

The summary judgment rule, Texas Rules of Civil Procedure, rule 166–A, expressly provides that no oral testimony shall be received at the hearing on such motion and that judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions *on file*, together with affidavits, if any, show that . . . there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Emphasis added.) The propriety of the action of the trial court in granting the summary judgment depends on the summary judgment proof which is properly before the court at the time the judgment was entered. Superior Stationers Corp. v. Berol Corporation, 483 S.W.2d 857 (Tex. Civ.App.—Houston [1st Dist.] 1972); Harlingen Home Health Agency, Inc. v. Diemer, 483 S.W.2d 551 (Tex.Civ.App.—Houston [14th Dist.] 1972); Botello v. Misener-Collins Co., 462 S.W.2d 100 (Tex.Civ.App.—San Antonio 1970), aff'd 469 S.W.2d 793 (Tex.1971). It is equally well settled that a review of a ruling on a motion for summary judgment will be made on the record that was presented to the trial court and not on matters outside the record. Dorbandt v. Bailey, 453 S.W. 2d 205 (Tex.Civ.App.—Tyler 1970). In *Dorbandt* the court held that it would be improper for the reviewing court to give consideration to a statement of facts which was referred to but not before the trial court when it granted the motion for summary judgment.

Appellants rely upon Austin Building Co. v. National Union Fire Ins. Co., 432 S.W. 2d 697 (Tex.1968), wherein it was held that a reviewing court could properly consider a statement of facts and documentary evidence developed at a former trial of the same case. However, in that case the moving party supported its motion for summary judgment with the statement of facts so that such was properly before the trial court at the time the motion was heard. In the instant case the answer to the motion for summary judgment did not incorporate or refer to the statement of facts and such reproduced testimony was not brought forward until long after the judgment was rendered. Thus it could not have been properly considered by the trial

court nor can it be considered by this court.

We hold that the only summary judgment proof properly before the trial court on June 8, 1973, the date judgment was entered, was (1) the affidavit of Jonathan D. Kutner; (2) supplemental affidavit of Jonathan D. Kutner; (3) deposition of Jonathan D. Kutner; and (4) the affidavit of Victor Richman.

### Opinion on the Merits.

The material summary judgment evidence may be briefly summarized: Appellee Jonathan D. Kutner is a realtor having been engaged in that business since 1963. He was the owner of what is described as a strip shopping center located on Greenville Avenue in the City of Dallas. In January 1969 a Mr. Raymond Wilensky, a realtor associated with Robert A. Beer & Company of Dallas, made inquiry as to whether Kutner would be interested in selling the Greenville Avenue property to Beer & Company. Kutner advised Wilensky that he would be interested in making the sale. Wilensky negotiated from Kutner an option to purchase the property which was open during February 3–13, 1969, and which expired without being exercised. As a part of this transaction Kutner delivered to Wilensky a statement in writing concerning the shopping center including figures detailing income and expenses incident to the operation of the property. Under the heading of "Annual Expenses," the listing "Insurance" is followed by the figure "$297.00."

Although Wilensky failed to arrange a sale to Beer & Company, he did find a prospective buyer in the person of Mr. Victor Richman, agent for Richman Trusts.

As a part of his negotiations with Richman Trusts Mr. Wilensky transmitted to them some of the same information concerning the economic operating costs and expenses that had been given by Kutner to Wilensky to be used in the Beer transaction. This information included the annual cost of insurance as being $297. As a result of his negotiations with Richman Trusts Mr. Wilensky obtained a contract of sale signed on behalf of Richman Trusts and tendered the same to Mr. Kutner. Mr. Kutner stated that prior to that time he did not have knowledge that Mr. Wilensky was in the process of negotiating the sale of the property to Richman Trusts. After Wilensky showed Kutner the Richman Trusts contract there were further negotiations between Wilensky and Richman Trusts. Several changes in the proposed contract were made following correspondence between Kutner and Wilensky. Kutner denied that he authorized Mr. Wilensky to make any representations to Richman Trusts other than those contained in the written contract of purchase or by letters dealing with changes therein. The contract of sale was finally consummated on March 7, 1969.

Mr. Richman contends that at some period of time following the closing of the sale he discovered that the insurance policy on the property expired on March 14, 1969. He renewed the policy for a three year term but the premium at the time of renewal was $1,221 per year. It is without dispute that the insurance policy carried by Kutner at the time of the sale to Richman Trusts had been in existence for a three year period and that the actual cost of such insurance during such three year period was $297 per year. The increase in premium rate was apparently made pursuant to the rate-making authority of the Insurance Commission of Texas, and was applicable to the new policy taken out by Richman Trusts after the sale.

Richman Trusts brought this action against Jonathan D. Kutner seeking actual and exemplary damages for alleged fraud within the meaning of Tex.Bus. & Comm. Code Ann. § 27.01 (Vernon 1968). Richman Trusts, as its only ground of fraud, alleged that Kutner, acting through his agent Wilensky, "falsely, fraudulently and

with intent to deceive Plaintiff represented to Plaintiff that among the other expense items incident to the operation of said property, the insurance cost on same amounted to $297.00 per year . . . ." It was then alleged that said representations were not true in fact but were false and misleading in that said insurance costs amounted to $1,221 per year.

The trial court, based upon the summary judgment evidence before it at that time, rendered a take nothing judgment against Richman Trusts. The judgment is affirmed.

In their first and third points of error appellants contend that the summary judgment against them was improperly rendered because there existed a genuine issue of material fact as to whether or not the representation concerning the cost of insurance constituted actionable fraud under Tex.Bus. & Comm.Code Ann. § 27.01(c) (Vernon 1968). Proper consideration of this contention requires a review of the two material subsections of § 27.01.[1] Subsection (a) provides that fraud in a transaction involving real estate consists of a "(1) false representation of a *past* or *existing material fact,* when the false representation is (A) made to a person for the purpose of inducing that person to enter into a contract; and (B) relied on by that person in entering into that contract." (Emphasis added.) Subsection (c) provides that a person who wilfully makes a false representation and knowingly benefits from such false representation commits a fraud and is liable to the person defrauded for exemplary damages as well as actual damages.

Relying exclusively upon this statute appellants based their whole action for damages on the alleged misrepresentation of Kutner that the cost of insurance was $297 per year. However, the record reveals the undisputed fact that at the time of the representation the insurance cost was and had been for three years, $297 per year, the exact amount represented. The only representation of a *past* or *existing material fact* made by Kutner or Wilensky to Richman Trusts was that the present cost of the insurance was $297 per year. This statement or representation was the expression of an existing fact and was not false. The gravaman of appellants' contention is that while the cost of the present policy held by Kutner was in fact $297 per year, and had been for a period of three years, yet Kutner realized that when the policy expired within a short time the renewal cost of the same coverage would be a much higher figure. Kutner admitted knowing that renewal rates were to be higher in the future and did not communicate this information to Richman Trusts. The only representation charged to Kutner to form the basis of actionable fraud within the meaning of the Business and Commerce Code is the positive statement and representation of the existing fact that the insurance cost was $297 per year. Although appellants have not so pled their case, we note that even if Kutner had represented that *future* insurance costs would remain the same such representation of a *future* fact would not be actionable under that statute. No contention is made that Kutner ever represented future insurance cost to appellants. There is also no contention that appellee made any representation concerning the expiration date of the insurance policy in question. No demand was ever made upon appellee Kutner to reveal or produce information concerning the expiration date of the policy.

Although not contained in appellants' pleadings nor specifically claimed to be a misrepresentation of existing fact, appellants do argue that appellee failed to reveal the fact that he carried a *personal* liability insurance policy on the property in

---

1. The previous statute, prior to the enactment of the Business & Commerce Code, was Article 4004, Tex.Laws 1919, Ch. 43, §§ 1-3, at 77, which was held to be penal in nature and required to be strictly construed. Westcliff v. Wall, 153 Tex. 271, 267 S.W.2d 544, 546 (1954).

question with an annual premium of $33. Appellants contend that this $33 premium was not included in the representation made by Kutner concerning the $297 per year insurance premium for *property insurance*. Even assuming that this question has not been waived we find no merit in appellants' contention. The representation made by Kutner concerning the $297 figure does not include, nor does it purport to include, the personal liability policy. The *property* insurance was a business expense required by the mortgagee; the personal insurance was not. Appellants' cause of action is not based upon this personal liability policy cost but rather upon a substantially higher replacement cost of the required insurance. Following purchase of the property appellants did not see fit to continue this liability coverage.

Even if this $33 annual cost were to be computed into the profit and loss tabulations covering the property, it would be too small an amount to be considered. Thus the principle of *de minimis non curat lex* applies to this situation. Blackburn v. Delta County, 48 Tex.Civ.App. 370, 107 S. W. 80, 82 (1908, writ ref'd); Houston v. Walsh, 27 Tex.Civ.App. 121, 66 S.W. 106, 110 (1902, writ ref'd).

Appellants also advance the contention to the effect that appellee's insurance coverage costing $297 per year did not represent adequate insurance coverage for the property. It is significant to note that Kutner was never asked to make a representation nor did he actually make any representation concerning the adequacy of coverage. Since Kutner is not even charged with making a representation concerning the adequacy of insurance coverage it is obvious that appellants cannot support their contention of fraud as defined by the statute. Appellants' points 1 and 3 are overruled.

Appellants' second and fifth points of error present the question of an alleged duty on the part of Kutner to disclose to appellants certain facts about present and future insurance coverages, as opposed to the alleged duty of appellants to investigate these facts prior to the consummation of the sale. These material facts concern the policy coverage limitations, expiration date, and replacement cost. From this record we have concluded that there was no legal duty upon appellee Kutner to come forward and voluntarily disclose these facts. Under the circumstances here presented the duty would be upon appellants to make inquiry and discover such information if it was considered necessary to sustain the investment decision made by them.

In Moore & Moore Drilling Co. v. White, 345 S.W.2d 550 (Tex.Civ.App.— Dallas 1961, writ ref'd n.r.e.), we reviewed certain fundamental characteristics of actionable fraud, especially dealing with the question of concealment or failure to disclose facts. As we pointed out there the complaining party must not have failed to exercise reasonable care to discover material matters equally available to him. In other words, in a "caveat emptor" situation he must not have shut his eyes and ears to matters equally open and available to him upon reasonable inquiry and investigation.

While it is true that Kutner failed to disclose the expiration date of the insurance policy and the future cost of replacing the insurance coverage, we do not believe that there was any duty upon him to do so. As we said in Moore & Moore, "Where not legally bound to volunteer information, a person is not to be charged with fraud in suppressing it. 'When, therefore, the parties are dealing at arm's length, there being no confidential relationship, mere silence is not fraud, either actual or constructive.' 20–A Tex.Jur. § 38, p. 70. The suppression of information could only be fraud where he knows that the other party is ignorant of such facts and that the other party has not equal opportunity of discovering the truth." *Id.* at 555.

To the same effect see Thigpen v. Locke, 363 S.W.2d 247, 251 (Tex.1963);

Howard v. County of Nolan, 319 S.W.2d 947, 950 (Tex.Civ.App.—Eastland 1959); Courseview, Incorporated v. Phillips Petroleum Co., 158 Tex. 397, 312 S.W.2d 197 (1957); and Higginbotham-Bartlett Co. v. Powell, 270 S.W. 193 (Tex.Civ.App.—Amarillo 1925).

The record in this case indicates that both parties to this transaction were experienced and sophisticated dealers in real estate. Both were dealing with each other at arm's length. Neither party, and especially Richman Trusts, was considered to be ignorant or not in a position to discover facts easily available. Moreover, the record reveals the practice of the title company to inform each party to the transaction prior to the closing date how much insurance was left on the existing policy.[2] At any rate, appellants could have easily made a demand upon appellee to advise it of all of the facts and figures concerning the insurance policy and its expiration date. Concerning the question of adequacy of insurance coverage carried by Kutner it is to be observed that such policy had been in force three years prior to the sale. The record shows only a difference of business judgment as to what is adequate insurance. *See* Cross v. Thomas, 264 S.W.2d 539, 542 (Tex.Civ.App.—Fort Worth 1953, writ, ref'd n.r.e.). Finally, as to the matter of future premium cost of replacement coverage, Kutner himself did not have these facts. Kutner only knew that insurance costs were increasing substantially, which was a matter of common knowledge. *See* M. L. Mayfield Petroleum Corp. v. Kelly, 450 S.W.2d 104, 109 (Tex.Civ.App.—Tyler 1970, writ ref'd n.r.e.). Moreover, the law grants to the Insurance Commission of Texas the right to establish rates for insurance policies of the kind and character here involved. Such rates are open and available to anyone making inquiry. Appellants' second and fifth points are overruled.

In view of our holding that there was no fraudulent misrepresentation, as a matter of law, it is not necessary for us to pass upon appellants' fourth point of error which contends that such representations were made by Kutner's agent acting within the scope of his authority.

Finding no reversible error reflected in this record, we affirm the judgment of the trial court.

Affirmed.

2. The proration of premium would have put appellants on notice that the policy was about to expire. A party is charged with knowledge of facts which do put him on his guard. Frankfurt v. Decker, 180 S.W.2d 985, 987 (Tex.Civ.App.–Dallas 1944, no writ).