**Charles SCHAEFER et al., Appellants,**

v.

**UNIGARD SECURITY INSURANCE COMPANY, Appellee.**

No. 19256.

Court of Civil Appeals of Texas, Dallas.

Nov. 2, 1977.

Rehearing Denied Dec. 8, 1977.

Bobby W. Kolenovsky, Francis, Coffin, Francis & Kolenovsky, Hayden H. Cooper, Craig T. Enoch, Mosley & Jones, Dallas, for appellants.

Gordon H. Rowe, Jr., Gardere, Porter & DeHay, Dallas, for appellee.

AKIN, Justice.

This appeal is from a judgment in favor of Unigard Security Insurance Company rendered by the trial court on stipulated facts. Plaintiffs sued to recover benefits under a personal injury protection endorsement on a policy of automobile insurance issued by Unigard to Abraham Wyloge, the named insured. The insurance company denied liability on the ground that Endorsement 119, "Exclusion of Named Driver," excluded from the policy's coverage all claims arising out of accidents when the automobile was being driven by David Wyloge, the driver of the car when the accident occurred. The question presented is whether Endorsement 119, "Exclusion of Named Driver," excludes from coverage the Personal Injury Protection Benefits, under Endorsement 243. We hold that it does not and, accordingly, reverse the judgment of the trial court and render judgment for the plaintiffs.

Plaintiffs contend that the terms of Endorsement 243 clearly establish that an exclusion such as Endorsement 119 does not apply to Endorsement 243. We agree. Endorsement 119 entitled "Exclusion of Named Driver" provides in part: "It is agreed that the insurance afforded by this policy shall not apply with respect to any claim arising from accidents which occur

while any automobile is being operated by David Wyloge." Our question, then, is whether this Endorsement excludes from coverage the benefits provided for by Endorsement 243. The relevant portion of Endorsement 243 is:

> *None* of the insuring agreements, *exclusions* or conditions of the policy *shall apply to the insurance afforded by this Endorsement* except the conditions "Premium," "Changes," "Assistance and Cooperation of the Insured," "Changes," "Assignment," "Cancellation" and "Declarations." [Emphasis added]

As we read this language, none of the exclusions shall apply to the insurance afforded by Endorsement 243. Since Endorsement 119 by its term is an "exclusion" and it does not fall within the ambit of any exception in Endorsement 243, we hold that it is an "exclusion" within the language of Endorsement 243 and does not apply to coverage for personal injury protection benefits.

Unigard argues, however, that since personal injury protection benefits, as set forth in Endorsement 243, can be rejected by the insured, Tex.Ins.Code Ann. art. 5.06–3 (Vernon Pamphlet Supp.1975), the act of Abraham Wyloge in signing Endorsement 119 was a partial rejection of the personal injury protection benefits. In support of its position that personal injury protection benefits can be partially rejected, it cites *Greene v. Great American Ins. Co.*, 516 S.W.2d 739 (Tex.Civ.App.—Beaumont, 1974, writ ref'd n.r.e.). In that case the Beaumont Court of Civil Appeals held that uninsured motorist coverage, provided for in Tex.Ins.Code Ann. article 5.06–1 (Vernon Pamphlet Supp.1975), could be partially rejected with respect to a specified driver by the execution of Endorsement 119. Unigard contends that since personal injury protection coverage can be rejected as can uninsured motorist coverage, the holding in *Greene* controls. We cannot agree because *Greene* is distinguishable by virtue of the differences in the two statutes. Although personal injury protection coverage and uninsured motorist coverage are not mandatory, and can be rejected by the insured, the

similarity between the two stops there. Article 5.06–3, with respect to personal injury protection coverage provides in part:

> c. The benefits required by this act shall be payable *without regard to the fault or non-fault of the named* insured or the recipient in causing or contributing to the accident, and without regard to any collateral source of medical . . . benefits. An insurer paying benefits pursuant to this Act shall have *no right of subrogation* and *no claim* against any other persons or insurer *to recover any such benefits by reason of the alleged fault of such* other *person in causing* or contributing to the accident. [Emphasis added]

Thus, as we read this language, personal injury protection is a true no-fault plan whereas uninsured motorist coverage under article 5.06–1 requires fault. Similarly, the uninsured motorist statute expressly provides for subrogation rights of an insurer, but the personal injury protection coverage statute explicitly does not. The differences present in personal injury protection coverage and uninsured motorist coverage merit different treatment. Consequently, we decline to extend the rationale in *Greene* to personal injury protection coverage. We conclude, therefore, that Endorsement 119 is not a partial rejection of personal injury protection coverage; effective rejection of this coverage occurs only where the insured totally rejects the coverage. Since we have held that Endorsement 119 is not a partial rejection of the personal injury benefits, it follows that plaintiffs are covered by this insurance. Accordingly, the judgment of the trial court is reversed and judgment here rendered for plaintiffs.