John ALONZO et ux., Appellants,

v.

NORTHERN COUNTY MUTUAL IN-
SURANCE COMPANY, Appellee.

No. 1715.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 25, 1978.

Rehearing Denied Feb. 15, 1978.

Conway L. Wallace, John L. Mendoza,
Houston, for appellants.

Frank B. Stahl, Jr., Larry W. Hohle, Lor-
ance, Thompson & Wittig, Houston, for ap-
pellee.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a summary judg-
ment granted the defendant in a personal
injury suit filed under the uninsured motor-
ists provision of an insurance policy.

John and Maria Alonso [1] (appellants)
were married in December 1973. Mrs. Al-
onso purchased automobile insurance with
Northern County Mutual Insurance Compa-
ny (Northern or appellee) in July 1974. Ap-
proximately two months later, she signed a
Form 119 exclusion to her existing automo-
bile insurance policy. The exclusion provid-

---

1. Appellants' name, although spelled incorrectly throughout the proceedings as "Alonzo,"
   should be spelled "Alonso."

ed that her insurance policy with Northern would not apply to any claim that arose from accidents that occurred while any automobile was being operated by Mr. Alonso.

The appellants alleged in their original petition that they were involved in an accident with an uninsured motorist on December 23, 1974. At the time of the collision, Mr. Alonso was driving his wife's car and Mrs. Alonso was a passenger in the car. The appellants alleged that the accident was proximately caused by the negligence of the uninsured motorist and that Mr. Alonso was not at fault in the accident. The appellants claimed that they were entitled to recover for their injuries under the uninsured motorists coverage provided by Mrs. Alonso's policy with Northern. The appellee pled that the appellants' claims were excluded by the Form 119 endorsement to the policy. The trial court granted the appellee's motion for summary judgment on the ground that the Form 119 endorsement excluded coverage of the appellants' claims as a matter of law.

■ The appellants assert in their sole point of error that the trial court incorrectly granted the appellee's motion for summary judgment. That point is sufficient to challenge the summary judgment on appeal. *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119 (Tex.Sup.1970); Tex.R.Civ.P. 418. Summary judgment is a harsh remedy. As a result, the summary judgment rule, Tex.R.Civ.P. 166–A, is strictly construed against the movant. Summary judgment should be granted only if the record establishes as a matter of law that there is no genuine issue as to any material fact in the case. *In re Price's Estate*, 375 S.W.2d 900 (Tex.Sup.1964).

■ The appellants contend, for the first time on appeal, that the trial court erred in granting the appellee's motion for summary judgment because the exclusion relied upon by the appellee in seeking summary judgment was not supported by consideration. The law in Texas is clear that a subsequent modification of the coverage provisions of an insurance policy must be

supported by new consideration. *Travelers Indemnity Company v. Edwards*, 462 S.W.2d 533 (Tex.Sup.1970). We believe there was some evidence of lack of consideration. It appears from the declarations page of the original policy between Mrs. Alonso and Northern that the original policy provided coverage for all passengers, including Mr. Alonso, while riding in Mrs. Alonso's automobile. Under the modified policy, Mr. Alonso was entitled, at most, to coverage while a passenger in Mrs. Alonso's car. Mrs. Alonso, on the other hand, purportedly relinquished her right to recover under the uninsured motorists provision of her policy for personal injuries sustained while Mr. Alonso was driving her car. Mrs. Alonso apparently received nothing by signing the exclusion but lost much. We conclude that there was a genuine issue of material fact concerning the validity of the policy exclusion. Because this is an appeal from a summary judgment, however, we do not reach the issue whether the exclusion was actually supported by consideration, and we express no opinion thereon.

■ The appellee argues, in support of the summary judgment, that the appellants waived the affirmative defense of lack of consideration by failing to plead that defense at the hearing on the motion for summary judgment. The pleadings of the parties normally determine the issues that may exist in a case. A motion for summary judgment will not be granted, however, if the depositions, admissions or affidavits disclose that the nonmovant could have amended his pleadings to state a cause of action. *Womack v. Allstate Insurance Company*, 156 Tex. 467, 296 S.W.2d 233 (1956). A motion seeking summary judgment solely on the basis of matters actually pled is per se an impermissible general demurrer. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.Sup.1972). Appellee's counsel asserted during oral argument that the rule enunciated in *Womack* is no longer applicable because it has been changed by amendments to Rule 166–A that became effective on January 1, 1978. The suggestion that the rule change, promulgated after the im-

proper rendition of summary judgment, is sufficient to rehabilitate that judgment is devoid of merit. We do not believe that the supreme court intended for the amendments to Rule 166–A to be applied retroactively.

The appellants also could have amended their pleadings in an attempt to recover damages under the personal injury protection (PIP) provision of their insurance policy. Both parties agree that, if applicable, the PIP coverage would not have been barred as a matter of law by the Form 119 exclusion. *Schaefer v. Unigard Security Ins. Co.*, 559 S.W.2d 103 (Tex.Civ.App.-Dallas, 1977, writ granted). If the appellants had amended their pleadings in an attempt to recover PIP benefits, those pleadings would have presented a genuine issue of material fact regarding the applicability of the PIP provision.

The trial court erred in rendering summary judgment. The court should have allowed the appellants the opportunity to litigate the issues of lack of consideration and applicability of PIP coverage.

The judgment is reversed, and the cause remanded for a trial on the merits.

Reversed and remanded.