**SUGAR CREEK HOMES ASSOCIATION,**
**Appellant,**

v.

**Lavinia B. BERRY, Appellee.**

**No. 17443.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 18, 1979.

Scherer, Roberts, Slone, Gresham & Lytle, Charles R. Slone, Richmond, for appellant.

George M. Karam, Fulbright & Jawarski, Robert A. MacInnes, Bernard L. Hebinck, Houston, for appellee.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

COLEMAN, Chief Justice.

This is an appeal from a summary judgment entered in a suit brought for the purpose of enforcing building set-back lines established for a residential subdivision. The appellant, Sugar Creek Homes Association (Sugar Creek), as the representative of the owners of lots in the Sugar Creek subdivision, sought a mandatory injunction to require appellee, Lavinia B. Berry (Berry), to remove the portion of a fence on her lot which the appellant asserts was erected in violation of the subdivision building set-back line and restrictions. Berry subsequently filed a counter-claim for damages against Sugar Creek, and cross-claims for damages against Reed Construction Company ("Reed"), the builder of the fence; and against Robert E. Marsh, ("Marsh"), a surveyor. Reed also filed a cross-claim against Marsh.

The trial court ordered a separate trial of the issues between Sugar Creek and Berry, and on February 10, 1977 testimony was heard. At the conclusion of this hearing the judge took the matter under advisement. On October 24, 1978, a motion for summary judgment was filed and, without objection, was called for trial by a judge other than the one before whom the previous trial was held. The summary judgment was granted denying Sugar Creek the relief it sought, and this appeal resulted.

We find that the summary judgment evidence established Berry's affirmative de-

fenses of waiver and estoppel, and affirm the summary judgment.

Berry is the owner of a lot in Sugar Creek subdivision which is subject to restrictions recorded in the deed records of Fort Bend County, Texas. These restrictions provide for a building set-back line, and the summary judgment evidence establishes that Berry has caused to be erected a fence nearer to the front of the lot than is permitted by the restrictions.

The fence involved is constructed of woodwork supported by large brick pillars. Reed built both the fence and the Berry house. While plans for the house were approved by Sugar Creek, plans for the fence were prepared at a later date and were not submitted for approval prior to the erection of the brick pillars. Marsh established the building set-back line by survey after the brick pillars had been erected. This survey was done at the request of, and furnished to, Stewart Title Company. It established a violation of the building set-back line.

Marsh testified by deposition that Rhon Wallace, an employee of Sugar Creek, at a time subsequent to his survey of the Berry lot, told him that another homeowner was complaining about the fence, and that Sugar Creek would hold Marsh harmless if he would prepare a false survey showing the brick pillars on the Berry lot to be properly located. Marsh agreed, and prepared in his office a false survey showing a "corrected building line" dated April 10, 1975. This survey was submitted by Marshall Echols, the designer of the fence, to Sugar Creek in order to gain approval for construction of the woodwork between the brick pillars. There is no evidence that Echols knew that the survey was false. Rhon Wallace, on behalf of Sugar Creek, then approved the proposed construction in writing.

Berry testified that she had no knowledge that the location of the brick pillars violated the building restrictions. She further testified that she relied on the written approval and proceeded to erect the wood sections of the fence. The cost of this part of the fence was $2,352.00.

On June 18, 1975, by letter signed by Miss Virginia R. Moon, Sugar Creek disapproved of the placement of the brick pillars. Berry testified that this was the first she had heard of a possible setback violation. The fence was complete at this time.

In her motion for summary judgment, Berry asserted that her affirmative defenses of estoppel and waiver are established by the summary judgment evidence. Sugar Creek filed no answer to the motion for summary judgment, and no affidavits in opposition thereto. No affidavits were filed by Mrs. Berry, but her deposition has been forwarded to this court along with the depositions of other witnesses. In addition, testimony taken at the trial on the merits of this action has been transcribed and filed in this court. This testimony was heard by Judge G. P. Hardy, Jr., and the summary judgment was later granted by Judge Charles Dickerson. The summary judgment was signed and entered on January 22, 1979. The statement of facts was certified by the court reporter on the 30th day of April, 1979, and was approved by the attorneys on the 18th day of May, 1979. The statement of facts obviously was not on file in the district court at the time the summary judgment was rendered.

■ Where an instrument designated a statement of facts and consisting of transcribed testimony of witnesses in an abortive trial bore no file mark of the trial court, and there was no showing that the trial court considered the instrument at the time the motion for a summary judgment was sustained, such instrument would not be considered by the reviewing court on appeal. *Richman Trusts v. Kutner*, 504 S.W.2d 539 (Tex.Civ.App.—Dallas 1973, writ ref. n. r. e.).

■ It appears the Sugar Creek concealed from Mrs. Berry its knowledge that the placement of the brick pillar violated the building restrictions, and falsely represented to her that the placement of her proposed fence was within the building setback line. At the time the representation was made Sugar Creek knew it to be false,

but Berry had no knowledge of its falsity. There is evidence that the representation was made with the intention that Berry act upon it, and that she was induced by the false representation to complete her fence. There is evidence to support these essential elements of an estoppel, and no evidence raising a fact issue as to any one of them. The affirmative defense of estoppel is established. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972).

 The testimony of Marsh establishes that Rhon Wallace, an agent of Sugar Creek, knew of the improper placement of the pillar and of Sugar Creek's right to demand its relocation prior to the date on which Wallace went a letter approving the plans for the fence. The sending of this letter was an act inconsistent with the right of Sugar Creek to demand relocation of the fence, and with Sugar Creek's intention to rely upon this right. Since there was no evidence to the contrary, Berry has established her affirmative defense of waiver. *Hale v. Realty Acceptance Corporation*, 122 S.W.2d 334 (Tex.Civ.App.—Amarillo 1938, no writ); 2 McDonald, Tex.Civ.Prac. § 7.38, p. 262.

The Supreme Court of Texas has recently rendered an opinion clarifying the summary judgment practice under Rule 166–A, T.R.C.P., as amended in 1978, styled City of Houston vs. Clear Creek Basin Authority, 589 S.W.2d 671 (1979). In discussing Rule 166–A, the Supreme Court said that the trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non-movant when the movant's summary judgment proof is legally insufficient. The movant must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law.

Where the non-movant fails to file an answer or response, he can contend on appeal only that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment. The non-movant must expressly present to the trial court any reason seeking to avoid movant's entitlement, and he must present summary judgment proof when necessary to establish a fact issue.

The testimony relied upon to establish some of the necessary elements of the special defenses is found in depositions of interested witnesses. Section (c), Rule 166–A, now provides that a summary judgment may be based on uncontroverted testimonial evidence of an interested witness if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. The testimony meets these standards.

The summary judgment is affirmed.