**John DOVER, Jr., et al., Appellants,**

v.

**POLYGLYCOAT CORPORATION et al., Appellees.**

**No. 17666.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 14, 1980.

Rehearing Denied Oct. 7, 1980.

Wendell S. Loomis, Houston, for appellants.

Vinson & Elkins, Max Hendrick, III, Alison L. Smith, Houston, David K. Fiveson, Tarrytown, Larry G. Patton, Wright & Patton, Houston, for appellees.

Before COLEMAN, C. J., and DOYLE and WALLACE, JJ.

DOYLE, Justice.

This is an appeal from a summary judgment awarded to defendants in a suit based upon an alleged contract.

Appellants John Dover, Jr., Tom Morgan, D & M Sales, Inc., and Polyglycoat of Houston, who were plaintiffs below, brought suit against Polyglycoat Corporation for breach of contract, and Gulf States Toyota, Inc. for interference with contractual relations between appellants and Polyglycoat Corporation. After receiving a temporary restraining order, on December 29, 1978, appellants sought a hearing for a temporary injunction. At this hearing the court dissolved the original restraining order and denied appellants' request for a temporary injunction. No appeal was taken from the denial of the temporary injunction.

Subsequently, appellees moved for summary judgment, which appellants failed to answer by motion or other response and after holding a hearing on same, the trial court granted summary judgment on November 19, 1979.

We affirm the judgment of the trial court.

Before discussing appellants' six points of error, this court will first decide whether appellants' motion for leave to file statement of facts should be granted. The purported statement of facts in this case consists of the transcribed testimony from the temporary injunction hearing, which was not admitted into evidence at the summary judgment hearing. Appellees contend this motion should be denied because said statement of facts was not on file and before the trial court at the time of the hearing on the motion for summary judgment. This contention is meritorious.

It is undisputed that the testimony constituting the statement of facts sought to be filed was given on December 29, 1978; the summary judgment for appellees was rendered on November 19, 1979; and the statement of facts was thereafter filed with the trial court on December 17, 1979. In *Richman Trusts v. Kutner*, 504 S.W.2d 539 (Tex.Civ.App. Dallas 1973, writ ref'd n.r.e.) and in *Sugar Creek Homes Association v. Berry*, 590 S.W.2d 590 (Tex.Civ.App.-Houston [1st Dist.] 1979, no writ), both courts held that where the statements of facts were not on file in the trial court at the time the summary judgments were rendered, neither the trial court nor the reviewing court would consider the statement of facts on appeal. In the case before us it is obvious that the statement of facts was not on file at the time of the rendition of the summary judgment. The trial judge could not have considered the statement of facts in granting the motion for summary judgment.

Appellants' motion for leave to file statement of facts is denied.

We now consider appellants' first point of error addressed to the trial court's granting appellees' motion for summary judgment.

A review of a ruling granting a motion for summary judgment will be made only on the record that was presented before the trial court at the time of said hearing, and not on matters outside the

record. *Richman Trusts v. Kutner*, supra; *Superior Stationers Corporation v. Berol Corporation*, 483 S.W.2d 857 (Tex.Civ.App.- Houston [1st Dist.] 1972, no writ).

■ Since Rule 166-A(c), T.R.C.P. was amended in 1978 to provide that issues not expressly presented to the trial court by written motion for summary judgment or written response thereto would not be considered as grounds, the Texas Supreme Court has had occasion to review its application in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). After explaining the purpose of Rule 166-A as amended, the court said:

> ... [T]he non-movant must now, in a written answer or response to the motion, expressly present to the trial court those issues that would defeat the movant's right to summary judgment and failing to do so, may not later assign this error on appeal.

Appellees offered summary judgment proof by affidavits, pleadings and exhibits showing that the alleged contract was never signed by Polyglycoat Corporation and that such was only a proposal; that if there were a valid oral contract, it was barred by the statute of frauds; that appellants did sell some products for appellees, but never complied with the conditions precedent set forth in the proposed contract; that appellee Gulf States Toyota did negotiate with Polyglycoat Corporation concerning the distribution of its products but knew nothing of any distributorship contract between appellants and Polyglycoat Corporation.

Appellants filed no answer or other response to appellees' motion for summary judgment. Therefore, the only summary judgment proceedings before this court are those filed by the appellees. They claim entitlement to a summary judgment on the issues expressly presented to the trial court by having conclusively proven all essential elements of their cause of action as a matter of law. *Sugar Creek Homes Association v. Berry*, supra; *City of Houston v. Clear Creek Basin Authority*, supra. Finding sufficient evidence to support the summary judgment and no evidence raising a fact issue as to any of the proof offered, we overrule the appellants' first point of error.

Appellants' remaining five points of error are in regards to the binding nature of the contract, the non-exclusive nature of appellants' distributorship contract with appellee Polyglycoat Corporation and the inapplicability of the Texas Anti-Trust Laws to the alleged contract. In view of the summary judgment proof establishing that no contract existed, it becomes unnecessary to rule on these remaining points of error involving appellants and Polyglycoat Corporation. Further, there could be no interference in any contractual relations between appellants and Gulf States Toyota, Inc. since there was no contract.

■ Since the submission of this case on oral argument before this court on June 26, 1980, appellants have filed an application for leave to file a supplemental brief as prescribed by Rules 422, 429 and 431 T.R.C.P. An appellate court may grant leave to file a supplemental brief if such filing will not cause harm, prejudice or delay. *Stuart v. Coldwell Banker & Company*, 552 S.W.2d 904 (Tex.Civ.App. Houston [1st Dist.] 1977, writ ref'd n.r.e.). While appellee opposes the filing of this supplemental brief on the grounds appellant is asserting new points of error not heretofore submitted, this court does not feel these points of error will harm, prejudice or delay said appeal and we grant appellant leave to file the supplemental brief.

Appellants' first new point of error is similar to the first point of error raised in his original brief, except for a discussion of abuse of discretion on the part of the trial judge in refusing to take judicial notice of the testimony from the temporary injunction hearing. Assuming that the trial judge had taken judicial notice of such testimony, appellants have still failed to comply with Rule 166 A, T.R.C.P., in that appellants never filed an answer that preserved any disputed issues. They did attempt to place in evidence several hundred pages of temporary injunction testimony which the trial court subsequently excluded.

■ Regarding appellants' second point of error alleging that the summary judgment evidence disclosed that the appellants could amend their pleadings to state a cause of action, appellants again failed to present the court with any depositions, admissions or affidavits disclosing that appellants could amend their pleadings to state a cause of action. As we have previously pointed out, the only summary judgment proof was that submitted by appellees. Appellants never presented any pleadings which would invoke the provision of Rule 329b as to jurisdiction, or the provisions of Rule 166–A as to amendment. We distinguish the case of *Alonzo v. Northern County Mutual Insurance Company*, 561 S.W.2d 53 (Tex.Civ. App.–Houston [14th Dist.] 1978, writ ref'd n.r.e.), wherein the appellate court reversed the summary judgment granted by the trial court because it found that a genuine issue of fact existed based on the evidence presented at the summary judgment hearing. It is to be noted that this decision was based on a cause of action which arose prior to the 1978 amendment to paragraph (c) of Rule 166–A and the court, although urged to do so, refused to retroactively apply the provisions of the amended rule. The cause of action in the case before us arose after January 1, 1978, the effective date of the amendment to Rule 166–A.

The judgment of the trial court is affirmed.