**Affirmed and Memorandum Opinion filed August 10, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00497-CV

---

## REYNALDO TREVINO AND MARIA TREVINO, Appellants

### V.

## MONIKA K. PATEL, Appellee

---

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 21-CV-1976**

---

## M E M O R A N D U M   O P I N I O N

Appellants Reynaldo and Maria Trevino sued Monika K. Patel for damages and injunctive relief pursuant to Texas Water Code section 11.086, which generally prohibits a person from diverting or impounding the natural flow of surface water in a manner causing damage to another's property. The trial court granted traditional summary judgment in Patel's favor. The Trevinos argue that summary judgment was improper because they raised material fact issues.

Resolving the dispositive issue, we conclude that the Trevinos failed to raise a material fact issue that water diversion, if any, caused damage to their land. Therefore, we hold that the trial court did not err by granting summary judgment.

We affirm the trial court's judgment.

## Background

Monika Patel purchased a plot of land directly east of the Trevinos' Galveston County plot in 2020. In September 2021, Patel began large-scale sand excavation on her property. Before long, Reynaldo Trevino noticed an increase in water retention on the Trevinos' property, including the presence of standing water. He notified Patel, but the issue persisted.

In November 2021, the Trevinos filed suit against Patel, seeking monetary damages and injunctive relief pursuant to Water Code section 11.086. That statute provides, in pertinent part:

> No person may divert or impound the natural flow of surface waters in this state, or permit a diversion or impounding by him to continue, in a manner that damages the property of another by the overflow of the water diverted or impounded.

> A person whose property is injured by an overflow caused by an unlawful diversion or impounding has remedies at law and in equity and may recover damages occasioned by the overflow.

Tex. Water Code § 11.086(a), (b).

The trial court granted a temporary restraining order on November 4 directing Patel to cease all excavation and pumping operations until November 18. On November 12, the trial court began an evidentiary hearing on the Trevinos' request for injunctive relief. The trial court continued the hearing for two weeks to allow the parties to collect further evidence, including hiring drainage experts. The trial court later modified the restraining order to allow operations on Patel's property

2

other than pumping water and to extend its applicability to November 22. The Trevinos notified the trial court that their engineering expert was unable to visit the site until after the rescheduled hearing date. However, they subsequently took no further action on their request for injunctive relief and failed to appear at a February 2022 status conference.

On March 24, Patel filed a hybrid traditional and no-evidence summary-judgment motion. In the traditional part of her motion, Patel argued that, as a matter of law, the Trevinos could not establish the elements of water diversion and causation. In a timely response, the Trevinos argued that: (1) material fact issues with respect to Patel's alleged discharge of water onto their land precluded summary judgment; (2) Patel failed to comply with local, state, and federal regulations in operating the sand excavation operations; and (3) they lacked an adequate time to conduct discovery. In a reply, Patel objected to the Trevinos' evidence.

The trial court granted Patel's traditional motion for summary judgment, without ruling on Patel's evidentiary objections.[1] This appeal timely followed.

**Analysis**

**A.    Standard of Review and Applicable Law**

Our review of a summary judgment is de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To be entitled to traditional summary judgment, a movant must establish there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

---

[1] It is clear from the record that the trial court granted the motion only on traditional grounds because the order states, "On this day came on to be considered Defendant Monika Patel's Motion for Summary Judgment under Texas Rule of Civil Procedure 166a(c)."

3

A defendant who conclusively negates at least one essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508-09 (Tex. 2010). Once the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

When, as here, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *Cmty. Health Sys. Pro. Servs. Corp. v. Hansen,* 525 S.W.3d 671, 680 (Tex. 2017).

As courts have construed the elements of a section 11.086 claim, a plaintiff must prove that the defendant's diversion or impoundment of "the natural flow of surface waters" caused damage to the plaintiff's property. *See* Tex. Water Code § 11.086; *Kraft v. Langford*, 565 S.W.2d 223, 229 (Tex. 1978), *disapproved of on other grounds*, *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 281 (Tex. 2004); *Contreras v. Bennett*, 361 S.W.3d 174, 178 (Tex. App.—El Paso 2011, no pet.); *Dietrich v. Goodman*, 123 S.W.3d 413, 417 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Patel asserted in the traditional portion of her summary-judgment motion that the Trevinos' claim fails because, as a matter of law, the evidence conclusively shows that (a) Patel did not divert any water onto the Trevinos' land, and (b) Patel did not cause any injury to the Trevinos' land by an unlawful diversion of water.[2]

---

[2] Section 11.086 applies to diversion or impoundment of the "natural flow of surface water." This court has explained that the first element of a section 11.086 claim has three critical

4

**B.     Application**

Because we conclude it is dispositive, we address only Patel's second ground: that any water diversion from her sand mining operations caused no damage to the Trevinos' land.  In a statutory surface water diversion claim, the plaintiff bears the burden to prove that an unlawful diversion is the cause in fact of damages to their property. *See Contreras*, 361 S.W.3d at 178.  The test for determining whether water diversion is the cause in fact of damages is whether the act or omission is a substantial factor in causing the damage, without which the harm would not have occurred. *See id.* at 179 (citing *Excel Corp. v. Apodaca*, 81 S.W.3d 817, 820 (Tex. 2002)).

Patel attached the affidavit of Professional Engineer Louis Faust, who evaluated the drainage on the properties.  The Trevinos' property is west of Patel's property.  Faust observed that Patel pumps water from the sand pit operations through a six-inch drainage pipe to a sedimentation pond on another property to the east of Patel's property.  According to Faust, both Patel's and the Trevinos' tracts naturally drain to the northwest; however, natural swales and berms would direct any runoff or discharge from Patel's sand excavation operation eastward to the

---

terms:  diversion, impoundment, and surface water. *See Dietrich*, 123 S.W.3d at 417.  The term "surface water" is undefined in the Water Code, but it is a term of art when used in the context of riparian rights. *Ehler v. LVDVD, L.C.*, 319 S.W.3d 817, 825 (Tex. App.—El Paso 2010, no pet.); *Dietrich*, 123 S.W.3d at 417-18.  As it has been construed in connection with a section 11.086 claim, "surface water" is water that "'is diffused over the ground from falling rains or melting snows, and [it] continues to be such until it reaches some bed or channel in which water is accustomed to flow.'" *Ehler*, 319 S.W.3d at 825 (quoting *Tex. Woman's Univ. v. Methodist Hosp.*, 221 S.W.3d 267, 277 (Tex. App.—Houston [1st Dist.] 2006, no pet.)); *see also Dietrich*, 123 S.W.3d at 419.  Further, once water "is under control by a ditch, tank, pond, or pipe, it no longer qualifies as surface water." *Dietrich*, 123 S.W.3d at 419.  In her summary-judgment motion, Patel did not argue that she was entitled to summary judgment because any diverted water was not "surface water" and thus section 11.086 did not apply.  Accordingly, we do not address the issue as it applies to the facts presented.

sedimentation pond and not to the Trevinos' property. He added that "[n]either tract accepts significant runoff from the other." Although he explained that ponding could occur on the Trevinos' land "[d]uring times of high groundwater or tidal influences," because of "the flat nature of the land, and, most importantly, that this entire area is identified as wetlands, . . . it would be very difficult to attribute . . . ponding [on the Trevinos' land] to [Patel's] discharge operations." He concluded that "the likelihood is extremely low that dewatering operations from the pump negatively affect the Trevino tract." He based his opinions on research into publicly available elevation data and field observations he made during a site visit. Further, Faust did not observe any evidence of previous ponding on the Trevinos' land. Faust explained that "[d]ue to low elevations and nearby coastal water, [it] is expected that the water table is very close, within inches in some areas, to natural ground for the majority of the area northwest of [Patel's property]."

Faust's affidavit was sufficient to establish that any water diversion from Patel's operations was extremely unlikely to cause damage to the Trevinos' land, that is, that Patel's operations were not a substantial factor in causing any damage to the Trevinos' land and without which the harm would not have occurred. *See, e.g.*, *Contreras*, 361 S.W.3d at 179; *see also Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995) ("Cause in fact is not shown if the defendant's negligence did no more than furnish a condition which made the injury possible."); *Vasquez v. Lewis Energy Grp., LP*, No. 14-18-00921-CV, 2020 WL 5047317, at *3-4 (Tex. App.—Houston [14th Dist.] Aug. 27, 2020, no pet.) (mem. op.). Thus, Patel met her initial summary-judgment burden on this ground, and the burden of proof shifted to the Trevinos.

In their brief, the Trevinos point to Reynaldo's testimony from the November 12, 2021 temporary injunction hearing:

6

In this case, Appellant Reynaldo Trevino testified that he had owned the land for twenty-five (25) years; that he visited the land frequently; and that he had observed the tendency of the water to drain quickly, even in instances of severely heavy rainfall. He provided pictures of the standing water on his property, and spoke of how ground that had previously been stable, allowing him to drive his truck over it, was now saturated to a degree that he was unable to mow the grass with his tractor. . . .

Mr. Trevino testified that his ground was so saturated, due to standing water diverted by Appellee's pumping[,] that it was no longer possible to drive a vehicle onto the property, or to cut the grass. Mr. Trevino testified that he obtained the property as grazing land for animals, currently keeping a horse on the property, and that it was necessary to cut the grass in order to maintain it in a condition sufficient for animal feed.

Mr. Trevino also gave testimony to the effect that he was seeking to sell his property. He testified that one prospective buyer had been deterred by the standing water on the property.

To survive summary judgment, it is not necessary to conclusively establish substantial damages, nor does the statute require any particular measure of damages. Expert testimony is not necessary to establish an interference with the use and enjoyment of one's property. *Mr. Trevino's testimony in this regard was more than sufficient to defeat summary judgment*.

(Emphasis added, record citations omitted).

Reynaldo did not provide an affidavit or unsworn declaration establishing this information as part of the summary-judgment record. Instead, in their summary-judgment response, the Trevinos stated, "The Court will also recall testimony from Mr. Reynaldo Trevino, adduced at hearing on November 12, 2021, stating that he has owned the subject property for approximately twenty years, and has observed the inundation of water on this land created by Defendant's pumping operations." But the Trevinos did not include a reporter's record from this hearing in the summary-judgment record.

7

"If there is no file mark on a statement of facts or any other indication it was considered by the trial court at the time the motion for summary judgment was sustained, it may not be considered on appeal." *Munoz v. Gulf Oil Co.*, 693 S.W.2d 372, 373 (Tex. 1984); *see also Gonzalez v. Gonzalez*, No. 04-20-00226-CV, 2021 WL 6127931, at *9 (Tex. App.—San Antonio Dec. 29, 2021, no pet.) (mem. op.) ("Abelardo's responses to the motion for summary judgment also requested the court consider Alberto's testimony at a previous hearing in the case. However, no copy of the reporter's record of that hearing was filed in the trial court. Because the material was not before the trial court when it ruled on the motion for summary judgment, we do not consider it."). Although the Trevinos filed a copy of the reporter's record from this hearing with this court, this evidence was not before the trial court when it ruled on Patel's motion for summary judgment. Accordingly, we do not consider it on appeal. *See* Tex. R. Civ. P. 166a(a), (b), (d); *Munoz*, 693 S.W.2d at 373; *Gonzalez*, 2021 WL 6127931, at *9; *accord also City of Houston v. Miller*, No. 01-19-00450-CV, 2019 WL 7341666, at *3 (Tex. App.—Houston [1st Dist.] Dec. 31, 2019, no pet.) (mem. op.) (declining to consider exhibit that was not part of electronic record when there was no indication it was filed with the trial court clerk or that the trial court considered it when denying the City's jurisdictional plea); *Republic Servs., Inc. v. Rodriguez*, No. 14-12-01054-CV, 2014 WL 2936172, at *3-4 (Tex. App.—Houston [14th Dist.] June 26, 2014, no pet.) (mem. op.) (explaining that supplemental record containing evidence that was not before the trial court at the time it ruled on summary-judgment motion would not be considered on appeal); *Dover v. Polyglycoat Corp.*, 606 S.W.2d 19, 20 (Tex. App.—Houston [1st Dist.] 1980, no writ) (citing cases for proposition that "where statements of facts were not on file in the trial court at the time the summary judgments were rendered, neither the trial court nor the reviewing court would consider the statement of facts on

appeal"). For these reasons, Reynaldo's statements made at the injunction hearing cannot support a material fact question in response to Patel's motion.

The Trevinos also asserted in their summary-judgment response that their expert report established that "pumping of water from the sand and gravel mining operation on the Defendant's property does, in fact, cause discharge or water onto Plaintiffs' land." The Trevinos' expert report likewise fails to create a genuine issue of material fact for several reasons. First, the report is unverified, and courts have held that unverified expert reports are not competent summary-judgment evidence. *E.g.*, *Kolb v. Scarbrough*, No. 01-14-00671-CV, 2015 WL 1408780, at *4-5 (Tex. App.—Houston [1st Dist.] Mar. 26, 2015, no pet.) (mem. op.) (explaining that unverified expert report is not competent summary-judgment evidence and could not defeat no-evidence summary-judgment motion on section 11.086 claim, even though objection to report was not lodged in trial court).

Second, although the report in fact states that overflow from the sedimentation pond "flows in part across Mr. Trevino's property," nothing in the report establishes that any such overflow causes damage to the Trevinos' land. *See* Tex. Water Code § 11.086 (water diversion must damage claimant's land); *Kraft*, 565 S.W.2d at 229. Further, as shown by Patel's evidence, the Trevinos' land is designated as wetlands; thus, some level of water on the Trevinos' land is to be expected.[3]

Finally, while the Trevinos' expert stated that discharge from the Patel's dewatering pipe "*could have caused* standing water to accumulate on Mr. Trevino's land" (emphasis added), such speculative opinion testimony is insufficient to create a fact issue. *See, e.g.*, *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 786 (Tex.

---

[3] *See* "What is a Wetland?," https://www.epa.gov/wetlands/what-wetland (defining a wetland as an area "where water covers the soil, or is present either at or near the surface of the soil all year or for varying periods of time during the year, including during the growing season").

2020); *Coastal Transp. Co., Inc. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 232-33 (Tex. 2004).

In sum, we conclude that Patel established conclusively that any water discharge from her sand mining operations was not a substantial factor in damaging the Trevinos' land without which the harm would not have occurred. Thus, Patel established her entitlement to summary judgment. The only evidence the Trevinos rely upon in support of their argument that they raised a genuine issue of material fact on causation either was not before the trial court at the time it ruled on Patel's summary-judgment motion or is incompetent expert proof. *Cf. Kolb*, 2015 WL 1408780, at \*5 (holding that, because only evidence offered that defendant's water diversion caused damage to plaintiffs' property was incompetent, there was no fact issue and no-evidence summary judgment was proper on section 11.086 claim). Therefore, the Trevinos failed to raise a material fact issue on whether Patel's sand mining operations caused damages to their land.[4]

Under these circumstances, we overrule the Trevinos' issue.

---

[4] In their summary-judgment response, the Trevinos contended that they did not have an adequate time for discovery. On appeal, they assert in a conclusory fashion in the "Summary of the Argument" section of their brief that "there had been an inadequate time to conduct discovery." However, they offer no argument or authority in support of this contention. *See* Tex. R. App. P. 38.1(i). At any rate, discovery need not be completed to satisfy this requirement; there need only be adequate time to conduct it. *McInnis v. Mallia*, 261 S.W.3d 197, 200 (Tex. App.—Houston [14th Dist.] 2008, no pet.). A party contending inadequate time to conduct discovery must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco, Inc. v. Enter. Prods., Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *accord Lindsey Constr., Inc. v. AutoNation Fin. Servs., LLC*, 541 S.W.3d 355, 360 (Tex. App.—Houston [14th Dist.] 2017, no pet.). The Trevinos filed neither an affidavit nor a verified motion for continuance. Thus, to the extent that their brief can be construed as raising this issue, they failed to preserve any complaint about any inadequacy of time to conduct discovery. *See Kaldis v. Aurora Loan Servs.*, 424 S.W.3d 729, 736 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

## Conclusion

Having overruled the Trevinos' sole issue, we affirm the trial court's judgment.


/s/    Kevin Jewell
       Justice


Panel consists of Justices Jewell, Hassan, and Wilson.