Robert MARTINEZ, Appellant,

v.

STATE of Texas, Appellee.

No. 04-83-00296-CR.

Court of Appeals of Texas,
San Antonio.

June 27, 1984.

Richard Langlois, San Antonio, for appellant.

Sam Millsap, Jr., Karen Amos, Edward O. Garcia, Margaret Embry, Criminal Dist. Atty's. Office, San Antonio, for appellee.

Before BUTTS, REEVES and TIJERINA, JJ.

## OPINION

BUTTS, Justice.

Appeal is taken from a conviction for murder. TEX.PENAL CODE ANN. § 19.-02(a)(1) (Vernon 1974). The jury found appellant guilty and assessed punishment at twenty years' imprisonment.

Appellant argues the trial court erred by submitting a jury charge on the law of parties and, further, that he was denied a fair and impartial trial as the result of ineffective assistance of counsel. We overrule the three grounds of error and affirm the judgment.

State's witness Andrea Sanchez Garcia testified about her short-lived stormy relationship with appellant, who had been living part-time with Garcia, although he was apparently a juvenile at that time. Garcia was separated from her husband when the relationship began. Her testimony highlighted the violent acts and demeanor of appellant including physical abuse of herself and his fights with her husband. She related seeing appellant and his companion, Robert Anaya, who were standing at an intersection where she came upon them after 2:00 a.m. on December 2, 1981. She stated appellant wanted to return to her apartment with her, but she did not acquiesce, walking away from them instead. As she left, she heard Anaya say in Spanish, "Let's go roll somebody." At the same time she saw the deceased, Felipe Macias, and a woman named Diana, approach the intersection. She stepped behind a bush. She then observed appellant arguing with Macias and striking him, causing Macias to fall. She saw appellant move his hand in his jacket or vest and pull it out; then she heard a shot. Diana screamed and ran. Appellant searched the deceased's pockets, and Anaya removed the deceased's watch. On the following morning about 6:00 a.m., appellant came to Garcia's apartment and told her if she said anything about this, he would hurt her and her baby. She also said Anaya made threatening gestures toward her that same day when she saw him at a store. The next day she moved away

from San Antonio to live with a relative in Hondo.

■ Appellant objected to the jury charge on parties, stating the court should not have given the charge since the State presented evidence to prove the appellant alone did the shooting. It is true that a "parties" charge does benefit the State by enlarging the defendant's culpability. *Romo v. State*, 568 S.W.2d 298, 302 (Tex. Crim.App.1978) (On motion for rehearing). In this case the testimony of the witness to the crime did not show conclusively that appellant actually did the shooting. Nor did the witness state she saw a gun in appellant's hand. In determining whether the appellant was participating as a party to the offense, the events before, during, and after the commission of the offense may be considered. *Medallin v. State*, 617 S.W.2d 229, 231 (Tex.Crim.App.1981). The evidence reflects concerted action between appellant and Anaya. From the evidence the jury could determine that appellant acted as a party; we find the court did not err in submitting the charge. TEX.PENAL CODE ANN. § 7.02(a)(2) (Vernon 1974). Ground of error one is overruled.

In his next two grounds of error appellant argues denial of a fair and impartial trial because of ineffective assistance of counsel. These arguments have been said to complement each other, reflecting opposite sides of the same coin. *Cude v. State*, 588 S.W.2d 895, 897 (Tex.Crim.App.1979). The record reflects that appellant's counsel failed to object when the State introduced evidence of two fights between appellant and Garcia's estranged husband, the fights occurring just hours before the shooting of Macias. Further Garcia related instances when appellant, drinking heavily, beat her, once precipitating hospital treatment for her. The attorney for appellant cross-examined Garcia about these same matters. The counsel did object when Garcia testified that appellant was jailed a few months before the shooting; however, he did not request an instruction to the jury to disregard the testimony, nor did the court give one. Appellant contends his counsel failed

to object to the introduction of the extraneous offenses, that he was prejudiced thereby, and did not receive a fair trial.

The standard which the courts apply in reviewing evidence giving rise to the claim of ineffective assistance of counsel is the one of "reasonably effective assistance." *Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex.Crim.App.1980). The sufficiency of the assistance of counsel will be gauged by the totality of the representation. *Boles v. State*, 598 S.W.2d 274, 279 (Tex.Crim. App.1980).

We observe the two-prong test set out in *Strickland v. Washington*, — U.S. —, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984): 1) the appellant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the appellant by the Sixth Amendment. 2) the appellant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable.

In examining the evidence we see that appellant's counsel filed many motions prior to trial, attesting to his knowledge of discovery procedures available in this case. There was vigorous cross-examination by counsel. Counsel for appellant introduced evidence in an effort to impeach the credibility of Garcia. Further, he argued to the jury that her testimony showed her motive, that is, "because she is trying to make Robert the worst possible person you can imagine." He introduced evidence strong enough to raise the defense of "alibi," and the trial court charged the jury on this defense. Appellant also testified he fought with Garcia's husband, stating the purpose was to protect Garcia and the baby from violence at the hands of her husband.

This court will indulge a strong presumption that a counsel's conduct falls within the wide range of reasonable professional assistance, that is, the appellant in this case was required to overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *See Strickland v. Washington, supra*, 104 S.Ct. at 2066.

Judging the reasonableness of this counsel's challenged conduct, based on the facts of this case, and viewed as of the time of counsel's conduct, we find that ineffective assistance of counsel has not been shown. Counsel's actions in this case could properly have been based on informed strategic choices made by the appellant and on information supplied by the appellant. Appellant has not sustained his burden to prove the first prong of the test outlined in *Strickland*, that counsel's performance was deficient. Grounds of error two and three are overruled.

The judgment is affirmed.