David M. LONG, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 04–88–00103–CR, 04–88–00104–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 11, 1989.

Jacquelyn L. Snyder, San Antonio, for appellant.

Fred G. Rodriguez, Bruce Baxter, Michael Gebhart, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL,* and CHAPA, JJ.

OPINION

CADENA, Chief Justice.

Appellant was convicted of failure to stop and render aid and, because of his commission of such offense, a previously granted probation was revoked. He appeals from both the conviction and the revocation of probation. In each case appeal-

* Associate Justice Rudy Esquivel, not participating.

lant complains of ineffective assistance of counsel.

Trial counsel's assistance is ineffective when it is objectively unreasonable and when the defendant must have been prejudiced by the representation to the extent that, but for the counsel's acts or omissions, with "reasonable probability" the results would have been different. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984); *Martinez v. State*, 675 S.W.2d 573, 575 (Tex.App.—San Antonio 1984, no pet.).

Appellant's counsel pleaded insanity as a defense, claiming that appellant suffered severely from a mental illness called cocaine-induced delusional disorder.

Despite his urging of this defense, trial counsel stipulated to a police report containing the following sentence:

After the vehicle was stopped it was found that the actor had his family in the car with him and according to the wife the actor had been free basing and had told them he was taking them on a trip to see Jesus.

Counsel agreed to the stipulation even though he told the court that the report is misleading.

The trial court noted the inconsistency between the plea and the stipulation, asking how counsel could urge insanity when the stipulated reports show appellant was voluntarily intoxicated.

After both sides had rested, counsel, in an effort to persuade the court that his client was not voluntarily intoxicated, indicated that blood tests were performed after appellant's arrest and asked the court if it wanted to consider the results of such tests. Although counsel apparently believed the test results were helpful to his case, he waited until after the case was closed to mention the matter.

This record reflects ineffective assistance of counsel. It is objectively unreasonable for counsel to stipulate to evidence that demolishes the defense he has proffered. A stipulation which destroys appellant's only defense cannot be classified as "trial strategy." Trial counsel's conduct was objectively deficient.

The trial court expressly based its rejection of appellant's defense on the damaging stipulated statement regarding voluntary intoxication. The record compels the conclusion that without counsel's inept performance there is a reasonable probability that the outcome of the proceeding would have been different. *Strickland v. Washington, supra.*

The judgment is reversed and the cause is remanded to the trial court.