Lateresa L. Bush v. State















IN THE
TENTH COURT OF APPEALS
 

Nos. 10-97-400-CR & 10-97-401-CR

     LATERESA L. BUSH,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 367th District Court
Denton County, Texas
Trial Court # F-96-1001-E & F-96-1002-E
                                                                                                                

O P I N I O N
                                                                                                                

      In Cause No. 10-97-400-CR Appellant Bush appeals her conviction for possession of
methamphetamine (one gram or more but less than four grams), enhanced by two prior felony
convictions, for which she was sentenced to ten years in the Texas Department of Criminal
Justice–Institutional Division.
      In Cause No. 10-97-401-CR Appellant Bush appeals her conviction for possession of lysergic
acid diethylamide [LSD] (less than one gram), enhanced by two prior felony convictions, for
which she was sentenced to two years in the Texas Department of Criminal Justice–State Jail
Division.
      The above sentences were to be served concurrently and Appellant was given 142 days credit
in each case.
      On July 10, 1996, Appellant was riding in a red pickup driven by Wayne Bridges when
Officer Robertson stopped the pickup because the registered owner had an outstanding parole-violation warrant. When Appellant identified herself, the officer told her he had information she
had gone to Dallas to buy drugs. She gave the officer permission to search her purse. He found
two squares he believed were LSD and a baggie of powder he believed was methamphetamine. 
Appellant was then arrested. The substances found in Appellant’s purse tested to be LSD and
methamphetamine. 
      Appellant was indicted for possessing LSD and for possessing methamphetamine, each charge
enhanced by two prior felony convictions.
      The two cases were tried together. Appellant pled “guilty” in each case and pled “true” to
the two prior felony convictions alleged as enhancements in each indictment. The jury assessed
punishment at ten years imprisonment in the methamphetamine case and two years in the LSD
case. There is one reporter’s record and the briefs are identical in each case.
      Appellant appeals on the following one point of error in each case: “Appellant received
ineffective assistance of counsel.”
      When analyzing the effectiveness of counsel in the punishment phase of a non-capital case,
the standard is: (1) whether counsel was reasonably likely to render effective assistance and (2)
whether counsel reasonably rendered effective assistance. Craig v. State, 825 S.W.2d 128, 130
(Tex. Crim. App. 1992). The standard of review for effectiveness of counsel is gauged by the
totality of the representation of the accused. Ex parte Duffy, 607 S.W.2d 507, 516 (Tex. Crim.
App. 1980). There is a strong presumption that the trial counsel’s conduct falls within the wide
range of reasonably professional assistance. Martinez v. State, 675 S.W.2d 573, 575 (Tex.
App.—San Antonio 1984, no pet.). The burden of proving ineffective counsel falls on Appellant. 
Such contention must be proven by a preponderance of the evidence. Moore v. State, 694 S.W.2d
528, 531 (Tex. Crim. App. 1985).
      Specifically Appellant contends (1) that during voir dire counsel stated Appellant had been
using drugs since she was 14 and had her probation revoked and was sent to prison and that this
could serve no conceivable strategic purpose except draw attention to Appellant’s past criminal
conduct; (2) that Appellant’s counsel called Appellant’s father as a witness and he stated that
prison would be good for Appellant; and (3) that trial counsel alluded to Appellant’s helping the
authorities investigating a murder but never produced any witnesses to confirm this assistance or
give any details. 
      Appellant contends the above deficient performance of counsel prejudiced his client and
caused her to receive a longer sentence than she would have otherwise received.
      The record reflects that Appellant’s counsel conducted the trial in a professionally reasonable
manner. His voir dire was aimed at finding prejudice against those who were addicted. He filed
a motion for continuance seeking to postpone the trial. He made proper objections. He brought
forward Appellant’s willingness to cooperate and assist in other cases. He presented her father
to testify that she had turned her life around. He stressed Appellant’s success at staying off drugs
in his closing argument.
      Appellant has not shown ineffective assistance of counsel from the totality of counsel’s
representation. Trial counsel’s strategy was to show that Appellant recognized the serousness of
her drug addiction and to show she had been drug free for one year. Counsel’s strategy was to
place all of Appellant’s flaws in the open and seek punishment at the low end of the range. The
range of punishment was two to twenty years in the methamphetamine case and 180 days to two
years in the LSD case. She pled “guilty” in both cases and “true” to the two prior felony-conviction enhancement allegations. The jury assessed Appellant’s punishment at ten years in the
methamphetamine case and two years in the LSD case. She has not shown that counsel was
ineffective and has not shown harm from the totality of the record. 
      Appellant’s point is overruled in each case. The judgment in each case is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed July 29, 1998
Do not publish



timate in the amount of--
                  [Smith]:       Object. This is hearsay.
                  Court:         Sustained. 
      Q:  Was your car damaged to the amount of about $8,000--
                  [Smith]:       Object. Hearsay. He’s--
                  [Prosecutor]:She’s the owner of the car.
                  Court:         Counselor, lay your predicate.
      Q:  Did you observe the damage to your vehicle?
      A:  Yes, I did.
      Q:  How was it damaged?
      A:  It was all torn up on the bottom. The tires were all out of align. There were chips in my
windshield. It was broke. There were scratches all over it, dents all over it, and it was
badly damaged.
 
      Q:  After you talked to the police--did you have occasion to have a police detective come and
talk to you about the case?
 
                  [Smith]:       Your Honor, excuse me. Before we go to a different area, I’d like to
request that the Court instruct the jury to disregard the answer of the
witness to the question asked while I was objecting and while the Court
was ruling about the damage estimate and request that the Court instruct
the jury to completely disregard that answer in considering the evidence
in this case because it was elicited improperly.
 
                  Court:         Number one, your request comes too late. Number two, I have the
testimony right in front of me, and she did not answer the question. 
Proceed.
 
                  [Prosecutor]:Thank you, Your Honor.
 
                  [Smith]:       Your Honor, in that case, for the record, I request that the Court grant
a mistrial based upon her testimony, her answer to the question that I
thought I heard. And I’m sorry if I misheard.
 
                  Court:         Well, I’m sorry too. Overruled.
      As a prerequisite to presenting a complaint for appellate review, the record must show that the
complaint was made to the trial court by a timely request, objection, or motion and that the trial
court ruled on the request. Tex. R. App. P. 33.1(a). Smith’s request for a jury instruction was too
late. Furthermore, he received no ruling from the court. Additionally, the record shows that no
answer was ever given. The court did not err in refusing to give a late-requested instruction to
disregard an answer that was never given, nor did the court err in overruling Smith’s motion for
mistrial. Point five is overruled.
      The judgment is affirmed.
 
                                                                   BILL VANCE
                                                                   Justice
 
 
Before Chief Justice Davis,
           Justice Cummings, and
           Justice Vance
Affirmed
Opinion delivered and filed January 28, 1998
Do Not Publish