Opinion issued July 11, 2002





 


 






In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-99-00127-CR

____________


DANNY EDWARD HULL, Appellant


v.


 THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 755627






ON REMAND

FROM THE COURT OF CRIMINAL APPEALS


 A jury found appellant guilty of injury to a child and assessed punishment at
10 years in prison, probated, and a non-probated $10,000 fine. The trial judge placed
appellant on "no tolerance" community supervision. (1) The State moved to revoke
appellant's community supervision for failing to report to his community-supervision
officer, Barbara Schoephoerster, and for failing to present written employment
verification to Schoephoerster. Appellant pled true to the former allegation and not
true to the latter.

 The trial judge found both allegations true, revoked community supervision,
and assessed punishment at 10 years in prison. On appeal, we sustained appellant's
first issue and held that he had been deprived of due process of law when the trial
judge assessed "no tolerance" community supervision and that appellant had not
waived the issue even though he did not object below. See Hull v. State, 29 S.W.3d
602 (Tex. App.--Houston [1st Dist.] 2000), vacated, 67 S.W.3d 215 (Tex. Crim.
App. 2002). Accordingly, we reversed the judgment and remanded the cause. See
id. The Court of Criminal Appeals vacated our decision, holding that the challenge
in appellant's first issue was waived, and remanded the cause with instructions to
address appellant's remaining two issues. See id., 67 S.W.3d 215 (Tex. Crim. App.
2002). We now affirm.

Discussion

A. Sufficiency of the Evidence

 In his second issue, appellant claims there is legally insufficient evidence that
he failed to report to Schoephoerster or failed to present written employment
verification to Schoephoerster. (2)

 The State must prove its revocation allegations by a preponderance of the
evidence. See Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial
judge alone determines the witnesses' credibility and the weight to be given their
testimony. See Naquin v. State, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980). 
Sufficient proof of any one of the alleged community-supervision violations will
support a revocation order. See Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim.
App. 1980). We review an order revoking community supervision for abuse of
discretion, which is to say we review the evidence in the light most favorable to the
trial judge's findings. See Lopez v. State, 46 S.W.3d 476, 482 (Tex. App.--Fort
Worth 2001, pet. ref'd) (applying these standards when legal-sufficiency challenge
raised to revocation order); Johnson v. State, 2 S.W.3d 685, 687, 688 (Tex.
App.--Fort Worth 1999, no pet.) (same).

 One of appellant's community-supervision conditions was to report in person
to Schoephoerster on July 16, 1998 and on the 16th day of each month thereafter, or
as directed by Schoephoerster or ordered otherwise by the judge, for the duration of
his community supervision. The State alleged that appellant did not report as
required for the month of November 1998. Appellant pled true and stipulated to this
allegation. 

 A plea and supporting stipulation are sufficient to support a community-supervision revocation. See Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App.
1979); Pequeno v. State, 710 S.W.2d 709, 711 (Tex. App.--Houston [1st Dist.] 1986,
pet. ref'd). Appellant recognizes this rule, but claims his plea and stipulation do not
suffice here because controverting evidence made the plea and stipulation "patently
incredible." Specifically, appellant claims the evidence showed that, although
Schoephoerster directed appellant to report in person at 9:30 a.m. on November 6,
1998 (instead of on the 16th), Schoephoerster's supervisor then instructed appellant
simply to call Schoephoerster on November 9, 1998, which appellant did. However,
the record does not say specifically what appellant claims; rather, viewed in the
required light, the evidence supports appellant's stipulation and thus also supports
revocation on this ground. (3) In any event, merely controverting evidence would not
render the judge's finding legally insufficient or the plea-stipulation non-binding. See
Pequeno, 710 S.W.2d at 711 (plea, standing alone, suffices to support revocation
order); cf. Jackson v. State, 508 S.W.2d 89, 90 (Tex. Crim. App. 1974) ("Whatever
the reasons given for the judge's decision to revoke probation in an informal, oral
discussion with defense counsel, if the decision itself be supportable, then it will not
be disturbed on appeal.").

 We hold there is legally sufficient evidence to support the trial judge's order
on the failure-to-report ground and that the trial judge thus did not abuse his
discretion in revoking community supervision. Because sufficient evidence supports
that ground, it is unnecessary to reach the sufficiency of the evidence supporting the
remaining revocation ground. See Sanchez, 603 S.W.2d at 871.

 We overrule issue two.

B. Ineffective Assistance of Counsel

 In issue three, appellant claims his counsel was ineffective (1) for not timely
objecting to the imposition of "no tolerance" community supervision and (2) for
allowing appellant to enter a plea of true to the failure-to-report allegation when he
had controverting evidence.

 To show ineffective assistance of counsel, appellant must overcome the
presumption that the challenged actions or inactions might be considered sound trial
strategy. See Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.]
1993, no pet.). Nothing in the record shows trial counsel's reasons for the alleged
acts and omissions. Neither is there any record of trial counsel's discussions with or
advice to appellant about the plea or its accompanying stipulation. We decline to
speculate about trial counsel's strategy on such a record. See id.

 We overrule issue three. (4)

Conclusion


 We affirm the judgment the judgment of the trial court.



 


 Jackson B. Smith, Jr. (5)

 Justice


Panel consists of Justices Jennings, Radack, and Smith.


Do not publish. Tex. R. App. P. 47.

 
1. The trial judge admonished appellant that any violation of his community-supervision conditions would result in revocation.
2. Appellant does not specify if his challenge is for legal or factual insufficiency. 
However, because his argument uses the terms "insufficient" and "no
evidence," we construe his challenge as one for legal sufficiency. See Lopez
v. State, 46 S.W.3d 476, 481 (Tex. App.--Fort Worth [1st Dist.] 2001, pet.
ref'd) (interpreting "no violation" as legal-sufficiency challenge to ruling that
appellant violated community-supervision condition).
3. Schoephoerster testified she had told appellant in October that his next visit
was a 9:30 a.m. on November 6, 1998. It is undisputed that appellant missed
that appointment. Instead, appellant called the community-supervision office
on the afternoon of November 6, after he had already missed his appointment. 
Schoephoerster was not there, but a supervisor answered. When appellant
attempted to reset his appointment, the supervisor told appellant to call
Schoephoerster on Monday, November 9, to reschedule because
Schoephoerster would be "aware of the particular court policies . . . regarding
report." Appellant admitted that the supervisor said "she was sympathetic
about [appellant's missing his appointment], but she said it was out of her
hands." Schoephoerster testified that, when appellant had already missed his
November 6 appointment, she sent him a reset letter pursuant to her usual
policy. However, right after she sent that letter, and knowing that this was a
"no tolerance" case, Schoephoerster called the court and was instructed not to 
reschedule appellant, but to have him call the court instead. Schoephoerster
told appellant what she was instructed to tell him when appellant called on the
morning of November 9. We distinguish Rodriguez v. State, on which
appellant relies, because there no one testified that appellant was told to report
on the dates for which he was alleged to have failed to report. 2 S.W.3d 744,
749 (Tex. App.--Houston [14th Dist.] 1999, no pet.). Here, in contrast,
Schoephoerster testified she instructed appellant to report on November 6, but
appellant did not.
4. We distinguish Long v. State, on which appellant relies in support of his
ineffectiveness claim based on entering a plea of true. In Long, counsel pled
a sole affirmative defense that was "demolished" by his then stipulating to an
incriminating police report. 764 S.W.2d 30, 31 (Tex. App.--San Antonio
1989, pet. ref'd). Here, in contrast, there was no equivalent affirmative defense
that the plea and stipulation would undermine; no one, not even appellant,
contested that appellant failed to report. Moreover, were we to speculate,
counsel's strategy appears instead to have been to admit the violation, to
present mitigating evidence in explanation, and to throw appellant on the
judge's mercy, despite the judge's prior "no tolerance" admonitions.
5. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.