PD-0919-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/22/2015 7:14:32 PM
Accepted 7/24/2015 10:14:27 AM
ABEL ACOSTA
CLERK

_____

## IN THE COURT OF CRIMINAL APPEALS
## AUSTIN, TEXAS

**DAWN PATRICE MOORE**
Appellant

**VS.**

**THE STATE OF TEXAS,**
Appellee

**Original conviction in the
263RD Judicial District Court
Harris County, Texas
Cause No. 1294531**

**Appealed From the Court of Appeals
No. 14-14-00350-CR**

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

**ORAL ARGUMENT REQUESTED**

**SHARON E. SLOPIS**
**TSB# 18511300**
**P.O. Box 980803**
**Houston, Texas 77098**
**713/529-0771**

FILED IN
COURT OF CRIMINAL APPEALS

July 24, 2015

ABEL ACOSTA, CLERK

**ATTORNEY FOR APPELLANT**

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.1(a), (Vernon Pamph. 2015), the following persons are interested parties:

Presiding Judge At Trial

The Honorable Judge Jim Wallace
263rd  Judicial District Court
310 San Jacinto
Houston, Tx 77002

Attorneys for State

Ms.  Tammy Massa   (at trial)
Assistant D.A.
201 Fannin
Houston,  Tx 77002

Mr. Alan Curry  (on appeal)
Assistant D.A.
201 Fannin
Houston,  Tx 77002

Attorney for Defense

Ms. Cheryl E. Irvin  (at trial)
Attorney at Law
Houston, Texas


Ms. Sharon E. Slopis (on appeal)
Attorney at Law
P.O. Box 980803
Houston, Texas 77098
(713)529-0771

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . i

INDEX OF AUTHORITIES . . . . . . . . iii

PETITION FOR DISCRETIONARY REVIEW . . . . . v

STATEMENT OF THE NATURE OF THE CASE . . . v

STATEMENT OF PROCEDURAL HISTORY . . . . . vi

STATEMENT REGARDING ORAL ARGUMENTS . . . . vi

GROUNDS FOR REVIEW . . . . . . . . 1

APPELLANT'S FIRST GROUND FOR REVIEW

    DID THE COURT OF APPEALS ERR IN FINDING THE
    EVIDENCE SUFFICIENT TO REVOKE THE APPELLANT'S
    COMMUNITY SUPERVISION?
    . . . . . . . . . . 2

APPELLANT'S SECOND GROUND FOR REVIEW

    DID THE COURT OF APPEALS ERR IN FAILING TO FIND THAT
    THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF
    COUNSEL AT THE PUNISHMENT PHASE OF HER HEARING?
    . . . . . . . . . . 5

APPELLANT'S THIRD GROUND FOR REVIEW

    DID THE COURT OF APPEALS ERR IN FAILING TO FIND
    THAT THE APPELLANT RECEIVED CRUEL AND UNUSUAL
    PUNISHMENT?
    . . . . . . . . . . 9

PRAYER FOR RELIEF . . . . . . . . 12

CERTIFICATE OF SERVICE . . . . . . . 12

CERTIFICATE OF COMPLIANCE . . . . . . 13

# INDEX OF AUTHORITIES

## FEDERAL CASES

*Strickland v. Washington,*
    466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) . . 7

*Solem v. Helm*,
    463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed. 2d 637 (1983) . . 10, 11

## STATE CASES

*Curry v. State*,
    910 S.W.2d 490, 497 (Tex. Crim. App. 1995) . . . 9

*Hernandez v. State,*
    726 S.W.2d 53, 55 (Tex. Crim. App. 1986) . . . 7

*Ingham v. State*,
    679 S.W.2d 503 (Tex. Crim. App. 1984). . . . 7

*Jackson v. State*,
    645 S.W.2d 303, 305 (Tex. Crim. App. 1983) . . 2

*Long v. State*,
    764 S.W. 2d 30 (Tex. App. – San Antonio 1989, pet. ref'd) 6

*Moore v. State*,
    605 S.W. 2d 924, 926 (Tex. Crim. App. 1980) . . 7

*Moore v. State*,
    700 S.W.2d 193 (Tex. Crim. App. 1985) . . . 7

## FEDERAL  STATUTES

U.S. Const. amends. 6 & 14 . . . . . . . 7


## STATE STATUTES

Tex. Const. art. I. secs. 10 & 19 . . . . . . . 7

Tex. R. App. p 33.1(a) (Vernon Pamph. 2015) . . . . . 9

Tex. R. App. P. 38.1(a), (Vernon Pamph.  2015) . . . . i

Tex. R. App. P. Ann. 66.3 (a), ( c) &   (f) (Vernon Pamph. 2015) . 2, 5, 9

Tex. R. App. P. Ann. 68 (Vernon Pamph. 2015) . . . . iv

Tex. R. App. P. Ann. 69.1 (Vernon Pamph. 2015) . . . . 4,8, 11

Tex.R. Crim. Evid. 103(d)(Vernon Pamph. 2015) . . . . 9

**PETITION FOR DISCRETIONARY REVIEW**

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

DAWN PATRICE MOORE, the Appellant, files her petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure requesting the Court to review and thereafter reverse the opinion issued by the Fourteenth Court of Appeals in Cause Number 14-14-00350-CR, *Moore v. State*, and would show as follows:

## STATEMENT OF THE NATURE OF THE CASE

This appeal lies from appellant's conviction in *The State of Texas vs. DAWN MOORE,* Cause No. 1294531 in the 263RD Judicial District Court, Harris County, Texas. The record reflects the Defendant plead guilty to Possession of a Controlled Substance, (Codeine), 200 - 400 grams, and was placed on Deferred Adjudication Probation for three years. (Clk's.R. -11, 12). On April 9, 2014, a Motion to Adjudicate Hearing was held, the Court found the Defendant guilty and sentenced her to 4 years T.D.C.. No Motion for New Trial was filed. Notice of Appeal was filed on April 11, 2014. An Amended Notice of Appeal was filed April 16, 2014. This Court has jurisdiction pursuant to Tex. R. App. P. 26.2(a)(Vernon Pamphlet 2015).

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals affirmed appellant's conviction on July 9, 2015.


## STATEMENT REGARDING ORAL ARGUMENTS

Appellant requests oral argument.

# GROUNDS FOR REVIEW

### APPELLANT'S FIRST GROUND FOR REVIEW

DID THE COURT OF APPEALS ERR IN FINDING THE EVIDENCE SUFFICIENT TO REVOKE THE APPELLANT'S COMMUNITY SUPERVISION?

### APPELLANT'S SECOND GROUND FOR REVIEW

DID THE COURT OF APPEALS ERR IN FAILING TO FIND THAT THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT THE PUNISHMENT PHASE OF HER HEARING?

### APPELLANT'S THIRD GROUND FOR REVIEW

DID THE COURT OF APPEALS ERR IN FAILING TO FIND THAT THE APPELLANT RECEIVED CRUEL AND UNUSUAL PUNISHMENT?

1

## APPELLANT'S FIRST GROUND  FOR REVIEW

DID THE COURT OF APPEALS ERR  IN FINDING THE EVIDENCE SUFFICIENT TO REVOKE THE APPELLANT'S COMMUNITY SUPERVISION?

### Reasons For Granting This Petition

This Court should grant this petition on the grounds that 1) the Justices of the Court of Appeals have disagreed on a material question of law,  2)  the Court of Appeals has decided an important question of state or federal law in a way that conflicts with applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States and 3) the Court of Appeals   has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision.   Tex. R. App. P.  Ann. 66.3(a), ( c) & (f) (Vernon Pamph. 2015).

Specifically, appellant complains that the trial court had insufficient evidence to revoke her community supervision and abused its discretion in revoking her community supervision. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).

The record reflects that no law violation or crime occurred, but rather, a family squabble which arose because the appellant, who was taking care of her siblings while her mother was in Afghanistan, pawned her mother's jewelry in an effort to keep up with expenses. Even after they came to an agreement wherein the appellant

agreed to pay her mother (the complainant) back, and the appellant's mother filed charges against the appellant.

The record reflects that the complainant's reputation for truthfulness was "mostly bad". (R.R.II.- 52).

The record reflects: 1) the appellant pawned her mother's jewelry with her mother's permission, (R.R.II.- 63), 2) the appellant was not found guilty of theft, and 3) the record does not contain a judgment for theft. Further, the record reflects that the appellant lacked criminal intent, and pawned her mother's jewelry out of necessity to keep up with expenses while taking care of her siblings. The appellant contends that she should not be punished for pawning her mother's jewelry, particularly when the record reflects the appellant had an *agreement with her mother* to pay her back. (R.R.II.- 64).

Finally, the appellant contends the "failure to complete community service as ordered" and "failure to report" allegations are minor, technical violations which could easily have been resolved by amending the conditions and extending the time the appellant was on probation.

The record reflects that Ms. Rodriguez, the appellant's probation officer, indicated that she knew the appellant was taking care of her siblings and was employed during the time she was supervising the appellant. (R.R.II.- 16). Ms.

3

Rodriguez stated that she never had any problems with the appellant, and that the appellant did not have any criminal history for being charged with theft or any convictions for theft. (R.R.II.- 16).

The Court of Appeals affirmed appellant's conviction on this ground. Opinion at 6.

This Court should grant appellant's petition for discretionary review on this ground and order a full brief on the merits. Tex. R. App. P. 69.1 (Vernon Pamph. 2015).

## APPELLANT'S SECOND GROUND  FOR REVIEW

DID THE COURT OF APPEALS ERR IN FAILING  TO FIND THAT THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT THE PUNISHMENT PHASE OF HER HEARING?

### Reasons For Granting This Petition

This Court should grant this petition on the grounds that 1) the Justices of  the Court of Appeals have disagreed on a material question of law,  2)  the Court of Appeals has decided an important question of state or federal law in a way that conflicts with applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States and 3) the Court of Appeals  has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision.   Tex. R. App. P.  Ann. 66.3(a), ( c) & (f) (Vernon Pamph. 2015).

Appellant contends that 1) Defense counsel's   failure to have the appellant pled "Not True" to the allegations that she violated the terms of her probation after Defense counsel waived the reading of the Motion to Adjudicate,   2) Defense counsel's stipulation that appellant  failed to report, 3)  Defense counsel's unawareness of appellant's failure to complete  community service and 4) a judgment that reflects appellant pled "true" to all allegations that she violated her probation, is  direct evidence that counsel  was not functioning as the "counsel" guaranteed by

5

the Sixth Amendment.

Perhaps the most flagrant instance of ineffective assistance of counsel occurred where the record reflects that defense counsel interrupted the Probation Officer's testimony to stipulate to the allegation of failure to report in March:

Defense Counsel: May I interrupt one second? The allegation of failure to report on March, we want to stipulate to that rather than have her go through all that. (R.R.II.- 7).

In *Long v. State*, the San Antonio Court of Appeals noted, "It is objectively unreasonable for counsel to stipulate to evidence that demolishes the defense he has proffered. A stipulation which destroys appellant's only defense cannot be classified as 'trial strategy.' Trial counsel's conduct was objectively deficient." *Long v. State*, 764 S.W. 2d 30 (Tex. App. – San Antonio 1989, pet. ref'd).

Appellant contends that stipulating to a "failure to report" can be, to a Motion to Adjudicate Hearing, what conceding a defendant's guilt is to a trial. One failure to report is all that is required for the Court to adjudicate a probationer's guilt and sentence her to prison, particularly if no good reason such as, "the appellant was hospitalized", is offered to explain the failure to report. See *Moses v. State*, 590 S.W.2d 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979), (holding that a plea of true to any one of the alleged violations is sufficient to support the trial court's

6

order of revocation); see also, *Moore v. State*, 605 S.W. 2d 924, 926 (Tex. Crim. App. 1980), (holding that one sufficient ground for revocation will support the court's order to revoke probation).

Further, the record reflects that counsel failed to render effective services when defense counsel failed to adequately prepare the appellant to testify. Appellant contends that, rather than tell the Court she "did not recall" failing to report, but would "not deny" it, the appellant should have been instructed to testify to the truth, and not to speculate. If the truth was that the appellant did not recall, which is likely since no reason for failing to report was given or recorded by the probation officer, then the appellant's testimony should have been that she did not recall failing to report.

Appellant was entitled to effective assistance of counsel as a matter of federal and state constitutional law. U.S. Const. amends. 6 & 14; Tex. Const. art. I. secs. 10 & 19; *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Moore v. State,* 700 S.W.2d 193 (Tex. Crim. App. 1985); *Ingham v. State*, 679 S.W.2d 503 (Tex. Crim. App. 1984).

Appellant contends that these errors demonstrate (1) that appellant's counsel's performance was undeniably deficient, i.e., counsel's errors were so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2)

the deficient performance prejudiced the defense, i.e., deprived her of a fair hearing.

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see*

*Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).

The Court of Appeals affirmed appellant's conviction on this ground. Opinion at 8.

This Court should grant appellant's petition for discretionary review on this ground and order a full brief on the merits. Tex. R. App. P. 69.1 (Vernon Pamph. 2015).

**APPELLANT'S THIRD GROUND  FOR REVIEW**

DID THE COURT OF APPEALS ERR IN FAILING  TO FIND THAT THE APPELLANT RECEIVED CRUEL AND UNUSUAL PUNISHMENT?

**Reasons For Granting This Petition**

This Court should grant this petition on the grounds that 1)  the Justices of  the Court of Appeals have disagreed on a material question of law,  2)  the Court of Appeals has decided an important question of state or federal law in a way that conflicts with applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States and 3) the Court of Appeals  has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision.   Tex. R. App. P.  Ann. 66.3(a),© ) & (f) (Vernon Pamph. 2015).

Specifically, appellant complains that she received cruel and unusual punishment in violation of the Eighth Amendment.

Appellant is aware that failure to raise an Eighth Amendment objection at trial prevents making any such claim on appeal. See Tex. R. App. p 33.1(a); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995).

However, the Texas Rules of Evidence provide that in a criminal case, nothing in the rules precludes taking notice of fundamental errors affecting substantial rights although  they were not brought to the attention of the court. T.R. Crim. Evid. 103(d).

9

Appellant contends that her sentence is disproportionate to the offense for which she was charged and violates the Eighth Amendment to the United States Constitution prohibiting cruel and unusual punishment, where the record reflects that she received a four year prison sentence from the court. Appellant contends that there is evidence in the record, as required by *Solem v. Helm*, 463 U.S. 277 (1983), reflecting sentences imposed on similar offenses in Texas or other jurisdictions. *See Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed. 2d 637 (1983).

The appellant contends that a four year sentence is grossly disproportionate to the crime when compared to the gravity of the offense. The record reflects that the appellant was on probation for only three years, (Clk's.R. -11, 12), and the "new law violation" that allegedly occurred while appellant was on probation was not proven. The record reflects: 1) the appellant pawned her mother's jewelry with her mother's permission, (R.R.II.- 63), 2) the appellant was not found guilty of theft, and 3) the record does not contain a judgment for theft.

Further, appellant contends that there is evidence in the record, as required by *Solem v. Helm*, 463 U.S. 277 (1983), reflecting sentences imposed on similar offenses in Texas or other jurisdictions. Appellant contends that she should have been reinstated on probation, because the record reflects that the appellant had "no problems" with her probation officer. (R.R.II.- 15). Ms. Rodriguez, the probation

10

officer, indicated that she knew that the appellant is a single parent. (R.R.II.- 15).

Ms. Rodriguez indicated that she knew the appellant was taking care of her siblings and was employed during the time she was supervising the appellant. (R.R.II.- 16).

Ms. Rodriguez stated that she never had any problems with the appellant, and that the appellant did not have any criminal history for being charged with theft or any convictions for theft. (R.R.II.- 16). *See Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed. 2d 637 (1983).

Ms. Rodriguez' testimony illustrates a basis for reinstating the appellant on probation because "similar" probationers that don't have "problems" with their probation officers are typically reinstated on probation, with amended conditions.

The Court of Appeals affirmed appellant's conviction on this ground. Opinion at 9.

This Court should grant appellant's petition for discretionary review on this ground and order a full brief on the merits. Tex. R. App. P. 69.1 (Vernon Pamph. 2015).

**PRAYER FOR RELIEF**

WHEREFORE PREMISES CONSIDERED, appellant prays this Honorable Court to consider the grounds for review raised herein, to grant this petition for discretionary review, and to order a full and complete hearing on the merits and with briefs.

Respectfully submitted,

/s/Sharon Slopis

SHARON E. SLOPIS
P.O. Box 980803
Houston, Texas77098
(713) 529-0771
T.B.N.: 18511300
ATTORNEY FOR APPELLANT

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of July, 2015, a true and correct copy of the foregoing brief was hand delivered to the Clerk of the Court of Appeals to be deposited in the box reserved for the Harris County District Attorney's Office, and a copy mailed to the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711.

/s/Sharon Slopis

SHARON E. SLOPIS

12

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this, the foregoing Petition for Discretionary Review, Court of Appeals Cause Number 14-13-00350-CR, *Moore  v. State*, contains <u>2,711 words</u>, *(i.e.*, less that the 4,500 word limit), in compliance with Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure.

<u>/s/ Sharon Slopis</u>

SHARON E. SLOPIS

**Affirmed as Reformed and Memorandum Opinion filed July 9, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00350-CR

---

### DAWN PATRICE MOORE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 1294531**

---

## M E M O R A N D U M   O P I N I O N

Appellant Dawn Patrice Moore appeals from the trial court's revocation of her deferred adjudication community supervision. In four issues, appellant contends that (1) the evidence is insufficient to support the trial court's revocation of her community supervision; (2) her counsel rendered ineffective assistance of counsel; (3) her sentence constitutes cruel and unusual punishment; and (4) this court should reform the judgment to correctly reflect her plea and delete the $500 fine. We reform the trial court's judgment and affirm the judgment as reformed.

BACKGROUND

In 2011, appellant was indicted for the felony offense of possession with intent to deliver a controlled substance. *See* Tex. Health & Safety Code § 481.114(a). Appellant pleaded guilty to the reduced charge of possession of a controlled substance, namely, codeine in an amount of 200 grams or more, but less than 400 grams. *See id*. § 481.118(a), (d). The trial court deferred adjudicating appellant's guilt and placed her on community supervision for three years.

On January 16, 2014, the State filed a motion to adjudicate guilt, alleging six violations of the terms and conditions of her community supervision. The State alleged that appellant (1) committed a criminal offense;[1] (2) failed to report to her community supervision officer; (3) failed to complete 180 hours of community service; (4) failed to pay a supervision fee; (5) failed to pay a fine and court costs; and (6) failed to pay a laboratory processing fee. The trial court held a hearing and appellant waived arraignment on the State's motion to adjudicate.[2]

Adelina Rodriguez, appellant's probation officer, testified that appellant was required to report to her monthly but failed to report once in March 2013. During Rodriguez's testimony, appellant's counsel stipulated to the failure to report. Rodriguez also stated that appellant had only completed 70 hours of community service, and should have completed all 180 hours by the time of the hearing.

---

[1] The State's motion to adjudicate alleges that appellant violated her community supervision by:

> Committing an offense against the State of Texas, to-wit; on or about, OCTOBER 20, 2013, in HARRIS County, Texas, the Defendant did then and there unlawfully, appropriate, by acquiring and otherwise exercising control over property, namely, FOUR PAIRS OF EARRINGS, owned by ELIZABETH CHANEY, hereafter styled the Complainant, of the value of over one thousand five hundred dollars and under twenty thousand dollars, with the intent to deprive the Complainant of the property.

[2] Although the judgment reflects that appellant pleaded "true" to the motion to adjudicate, appellant did not enter a plea at the hearing.

Rodriguez stated that she received notice in January 2014 that appellant may have violated her community supervision by committing theft.

Officer Clinton Edwards testified that in January 2014, he began investigating appellant for theft of several pieces of jewelry that appellant's mother had reported missing. Officer Edwards found pawn receipts in appellant's name and saw that the jewelry pawned by appellant matched the jewelry her mother reported missing to the police. Defense counsel stipulated that appellant pawned the jewelry. Officer Edwards testified that before going to the pawnshop, he asked appellant whether she knew anything about the missing jewelry and she stated that "she didn't know anything about it."

Appellant's mother, Elizabeth Chaney, testified that she was out of the country for work and came home in December to find that her jewelry was missing. She stated that the jewelry was worth approximately $83,600. Chaney spoke to the appellant, who admitted that she took the jewelry but told her it was gone and that she sold it for $6,000. Chaney stated that she never gave appellant permission to take her jewelry or to pawn those items. Chaney filed a police report in January.

Appellant testified that her mother gave her permission to pawn the jewelry because she was having a difficult time taking care of her daughter, sister, and brother while her mother was out of the country. Appellant stated that she and her mother discussed the situation on December 23 and they worked out an agreement in which appellant would pay her mother back. Appellant admitted to missing one probation meeting and admitted to being behind on her community service hours.

The trial court found three of the State's alleged violations true, revoked appellant's community supervision, and assessed punishment at four years in prison.

In four issues, appellant contends that (1) the evidence is insufficient to support the trial court's revocation of her community supervision; (2) her counsel rendered ineffective assistance of counsel during the hearing on the motion to adjudicate; (3) her four-year sentence was a form of cruel and unusual punishment; and (4) the court should reform the judgment to correctly reflect appellant's plea and delete the $500 fine.

## I. Sufficiency of the Evidence

In her first issue, appellant asserts that the evidence is insufficient to support the trial court's revocation of her community supervision because (1) appellant testified that she had her mother's permission to pawn the jewelry; (2) she did not recall missing a reporting date with her probation officer; and (3) she performed at least seventy hours of community service.

We review a trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). A preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels*, 202 S.W.3d at 763−64. The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). We examine the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the

community supervision. *Id*. at 493−94.

When a trial court finds several violations of community supervision conditions, we will affirm if the proof of any single allegation is sufficient. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). Thus, to prevail on appeal, a defendant must successfully challenge all of the findings that support the trial court's revocation order. *See id*.

Appellant argues that the evidence is insufficient to show she committed a criminal offense because she had her mother's permission to pawn the jewelry and she had an agreement with her mother to pay her back. Appellant also points to one witness's testimony that appellant's mother's reputation for honesty was bad. Although appellant testified that she had her mother's permission to pawn the jewelry, her mother, Elizabeth, stated that she did not give appellant permission. Officer Edwards investigated the theft by speaking with Elizabeth and confirmed that appellant pawned the jewelry and appellant initially denied knowing anything about it.

As the factfinder of the revocation hearing, the trial court was the sole judge of each witness's credibility and the weight to be given to his or her testimony; as such the court was free to believe or disbelieve all or part of any witness's testimony in resolving conflicts in the evidence. *See Slater v. State*, 646 S.W.2d 528, 530 (Tex. App.—Houston [1st Dist.] 1982, pet. ref'd). The trial court could have reasonably believed Elizabeth and the police officer over appellant and the other witnesses.

Further, appellant's probation officer testified that appellant missed one reporting date in March of 2013. Appellant stated that she could not recall missing a reporting date but also did not deny it. When the prosecutor asked appellant about missing a reporting date, she agreed that she missed a date. Further,

appellant's counsel stipulated to the fact that she missed her reporting date in March. Generally, the appellant's failure to report is a sufficient basis for the trial court's decision to revoke appellant's community supervision. *See Greer v. State*, 999 S.W.2d 484, 489 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (no abuse of discretion to revoke for failing to report for a single month).

Rodriguez also testified that appellant had only completed 70 out of the required 180 hours of community supervision. Appellant admitted that she was behind on her community service hours but claimed that it was because she did not have transportation and she was required to go far out of town.

Based on the evidence in the record and the required standard of review, we conclude that the trial court did not abuse its discretion for revoking appellant's deferred adjudication community supervision based on a finding that she committed a criminal offense, failed to report to her probation officer, and failed to complete her community service.

We overrule appellant's first issue.

## II.    Ineffective Assistance of Counsel

In her second issue, appellant contends that she received ineffective assistance of counsel during her hearing on the motion to adjudicate because her counsel (1) failed to have appellant plead "not true" to the State's allegations; (2) stipulated to the failure to report; (3) failed to adequately prepare appellant to testify; (4) failed to adequately prepare for the hearing; and (5) failed to object to the sentence as being cruel and unusual punishment.

We examine claims of ineffective assistance of counsel by applying the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009). Under *Strickland*, appellant must prove by a preponderance of the evidence that (1) counsel's performance fell

below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Id.*

When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Appellant first contends that counsel was ineffective because she failed to have appellant enter a plea of "not true" to the State's allegations. However, there is no requirement that a defendant on community supervision enter a plea to the allegations in the motion to adjudicate. *See Detrich v. State*, 545 S.W.2d 835, 837 (Tex. Crim. App. 1977) (holding that due process does not require a plea be entered in a motion to revoke community supervision hearing); *see also Anthony v. State*, 962 S.W.2d 242, 246 (Tex. App.—Fort Worth 1998, no pet.) ("[T]he Court of Criminal Appeals has held that due process does not even require appellant be given the right to enter a plea to an alleged community supervision violation."). Thus, counsel was not deficient in failing to have appellant enter a plea at the hearing.

Appellant asserts that counsel was ineffective by stipulating to the State's allegation that appellant failed to report to her probation officer. As recited above, sufficient proof of one violation is sufficient to support a revocation. Appellant admitted, and her probation officer confirmed, that she failed to complete the requisite hours of community service. Appellant also admitted that she failed to report to her probation officer on one occasion in March 2013. Thus, even if

7

counsel's performance was deficient, the outcome of the proceeding would have been the same.

Although appellant claims that counsel failed to properly prepare for the revocation hearing and failed to properly prepare her to testify, the record does not reflect what preparation, if any, counsel undertook before the revocation hearing. Without support in the record for appellant's assertions regarding lack of preparation, she cannot demonstrate ineffectiveness in this regard. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (providing that "[a]ny allegation of ineffectiveness must be firmly founded in the record").

Appellant also argues that counsel was ineffective based on counsel's failure to object that appellant's sentence was a form of cruel and unusual punishment. Before this court may conclude counsel was ineffective for failing to make an objection, appellant must show the trial court would have erred by overruling the objection. *See Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996) (per curiam). Appellant cannot make this showing because her sentence lies within the punishment range, and therefore is not cruel and unusual. *See Jagaroo v. State*, 180 S.W.3d 793, 800 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). It is not ineffective assistance for counsel to forego making frivolous arguments and objections. *Id*. Thus, counsel was not deficient in failing to object to appellant's sentence.

We overrule appellant's second issue.

### III. Cruel and Unusual Punishment

In her third issue, appellant argues that her sentence constitutes cruel and unusual punishment because it is grossly disproportionate to the crime when compared to the gravity of the offense and she could have been reinstated on probation instead of being sentenced to prison. Appellant concedes in her brief that

her counsel did not object to the sentence at the hearing and that failure to object prevents making any such claim on appeal. Appellant argues, however, that her sentence constitutes fundamental error that may be raised for the first time on appeal. *See* Tex. R. Evid. 103(e).

A defendant must make a timely, specific objection at trial to preserve error for review. Tex. R. App. P. 33.1(a). Generally, a party's failure to make a timely objection waives the error. *Collins v. State*, 378 S.W.3d 629, 631 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Even constitutional errors may be waived by failure to object at trial. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).

Texas courts have established that failure to raise an Eighth Amendment cruel and unusual punishment claim at the trial level waives the claim on appeal. *See Saldano v. State*, 70 S.W.3d 873, 891 (Tex. Crim. App. 2002); *Arriaga v. State*, 335 S.W.3d 331, 334 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Such claims have been held not to be so fundamental as to relieve the appellant of the necessity of a timely, specific objection at trial. *See Curry v. State*, 910 S.W.2d 490, 497−98 (Tex. Crim. App. 1995). Because appellant did not object to her sentence on cruel and unusual punishment grounds, appellant has failed to preserve error for review.

We overrule appellant's third issue.

## IV. Modification of the Judgment

In her fourth issue, appellant asks this court to reform the judgment to correctly reflect appellant's plea as "N/A" and to delete the $500 fine. The State concedes that the judgment should be reformed.

The record reflects that appellant waived arraignment on the State's motion to adjudicate and did not enter a plea at the hearing. The record also reflects that

9

the trial court did not orally pronounce the $500 fine listed in the judgment. The judgment, however, incorrectly lists a $500 fine and appellant's plea to the motion to adjudicate as "true."

"[A]n appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (citing *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.— Dallas 1991, pet. ref'd) (en banc)); *see also Haggerty v. State*, 429 S.W.3d 1, 12 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). We conclude that the record supports modification of the judgment because it incorrectly reflects that appellant pleaded "true" and that the trial court pronounced a $500 fine. Accordingly, we reform the judgment to reflect appellant's plea to the motion to adjudicate as "N/A" and the fine as "$0."

We sustain appellant's fourth issue.

## CONCLUSION

We reform the trial court's judgment and affirm the judgment as reformed.

/s/    Ken Wise
Justice

Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).